**The STATE of Texas, Appellant,**

v.

**Leatha Dry JOHNSON, Appellee.**

**No. 07–89–0367–CR.**

Court of Appeals of Texas, Amarillo.

Aug. 30, 1990.

Dale Elliott, Amarillo, for appellant.

Jeff Blackburn, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

DODSON, Justice.

The State appeals from an order of dismissal rendered by County Court at Law Number Two of Potter County. Article 44.01(a)(1), Tex.Crim.Proc.Code Ann. (Ver-

---

non Supp.1990). The trial court granted the appellee Leatha Dry Johnson's motion to dismiss the charges pending against her on the grounds that she had been denied the right to due process and due course of law guaranteed her by the fifth and fourteenth amendments to the Constitution of the United States and article 1, § 19 of the Constitution of the State of Texas, and that she had been denied the right to an effective remedy at law and finality of judgment guaranteed by article 1, § 13 of the Constitution. The appellee did not challenge the validity of the State's charging instrument. On appeal, the State claims the trial court was without authority to dismiss the valid information. Reversed and remanded.

The appellee's motion was submitted to the trial court primarily upon an agreed stipulation of facts. The record shows that on 11 April 1989, appellee was arrested for the offense of driving while intoxicated. On that same day appellee was charged with the offense by a complaint and information filed in County Court at Law Number One in Potter County.

The case was set for trial on 17 August 1989. The case was called for trial at 9:15 a.m. and 9:20 a.m. The appellee was present and announced ready. The State's attorney was not present. On the appellee's motion, the Presiding Judge of County Court at Law Number One dismissed the charges pending against the appellee in that court. In that regard the record shows that the State's attorney was present in the courtroom at 9:00 a.m. on 17 August 1989. However, the Judge was not present and had not opened court. The acting court coordinator informed the State's attorney that four divorce cases were ahead of State v. Johnson. The State's attorney requested the acting court coordinator and the court's bailiff to call him when the court was ready to hear the case. The State's attorney indicated he was ready and would be present with the State's witnesses. The State's attorney returned to his office to talk further with the State's witnesses. In the State's attorney's absence and on the motion of appellee the case was dismissed in his absence by the trial court.

On that same day (17 August 1989) the State filed a complaint and information in Potter County Court at Law Number Two charging the appellee with the same driving while intoxicated offense that the Judge of Potter County Court at Law Number One had earlier dismissed in absence of the State's attorney. After the state had refiled the charges in County Court at Law Number Two, the appellee filed her motion to dismiss on the stated grounds. The trial court dismissed the case without the State's consent.

■ We agree that the trial court exceeded its power by dismissing the charges filed against the appellee in the absence of a motion by the State, since the dismissal was based on grounds other than a defective charging instrument. It is the well established common law rule that the prosecutor, not the trial court judge, has the sole power to dismiss a criminal case. *State v. Anderson,* 119 Tex. 110, 26 S.W.2d 174 (1930); Annotation, *Power of Court to Enter Nolle Prosequi or Dismiss Prosecution,* 69 A.L.R. 240–244 (1930). *See also State v. Chandler,* 767 S.W.2d 211, 212 (Tex.App.—Eastland 1989, no writ); *Wallace v. State,* 145 Tex.Crim. 625, 170 S.W.2d 762 (1943); *Malley v. State,* 125 Tex.Crim. 625, 69 S.W.2d 765 (1934).

The common-law rule controls in the absence of a rule of procedure providing otherwise. *See* Tex.Code Crim.Proc.Ann. art. 1.27 (Vernon 1977). In that regard, even though article 32.02 of the Texas Criminal Procedure Code provides that the State's attorney may, by permission of the court, dismiss a criminal case under certain circumstances and that no case shall be dismissed without the consent of the presiding judge, nonetheless, that statute does not authorize the judge to dismiss a criminal case without the consent of the State's attorney.

■ Furthermore, even though article 44.01(a)(1) of the Texas Criminal Procedure Code now permits the State to appeal an order which dismisses all or any portion of an indictment, information, or complaint, that statute does not authorize a trial judge

to dismiss a valid indictment, information or complaint. Even before the State was given the right to appeal under article 44.-01, the State had a mandamus remedy against the arbitrary action of a trial judge who dismissed a case for any reason other than an invalid charging instrument. *State v. Anderson*, 26 S.W.2d at 174.

The appellee claims the trial court (*i.e.*, County Court at Law Number Two) did not err by dismissing the prosecution. In essence she claims that the State's action of refiling the charges against her in a court of concurrent jurisdiction after another court with concurrent jurisdiction had dismissed the charges denied her right to due process and due course of law guaranteed by the fifth and fourteenth amendments to the United States Constitution and Texas Constitution. She also claims the State's action further denied her right to an effective remedy at law and finality of judgment guaranteed by article 1, § 13 of the Texas Constitution.

In support of her position, appellee relies on *Leberman v. State*, 139 Tex.Crim. 243, 139 S.W.2d 813 (1940); *Ringer v. State*, 135 Tex.Crim. 573, 121 S.W.2d 364 (1938) and *Epps v. State*, 130 Tex.Crim. 398, 94 S.W.2d 441 (1936). Those cases construed Article 64 of the Texas Code of Criminal Procedure as it existed in 1925 prior to the enactment in 1965 of article 4.16 of the Texas Code of Criminal Procedure. Article 4.16, provides in pertinent part: "[w]hen two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction...."

*Leberman, Ringer,* and *Epps* do not support appellee's position. In *Leberman* the court determined that a county court with concurrent jurisdiction had no authority to try a case and then proceed to judgment while the case was still pending before a justice of the peace court which first acquired jurisdiction of the case. The case was first filed in the justice court. A trial resulted in a hung jury. A mistrial was declared and the case remained on the justice court's docket. There was no dismissal in the justice court. Thereafter the same

charged offense was filed in county court. The case was tried in county court and judgment of conviction was rendered by that court. On appeal, the Court of Criminal Appeals determined that county court had no authority to try the case to judgment, since the same charges were still pending in the justice court (*i.e.*, no dismissal). The county court's judgment was reversed and dismissed.

The court in *Ringer v. State*, 121 S.W.2d at 366 construed article 64, Tex.Crim.Proc. Code Ann. which provided:

When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint *shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts.* (emphasis added)

In *Ringer* the Court of Criminal Appeals determined that when a charge is filed in two courts with concurrent jurisdiction, the court where the charge was first filed has exclusive jurisdiction to try the case. However, the first court's jurisdiction may be surrendered by a dismissal and then the second court can proceed to try the accused offender.

In *Epps v. State*, 94 S.W.2d 441, the charge of theft was filed in two different district courts with concurrent jurisdiction of the offense. The court, in which the charge was first filed, dismissed the charges. The second court proceeded to judgment. On appeal, the Court of Criminal Appeals in construing article 64 stated that the purpose of the statute was to prevent confusion and contentions between different courts, each seeking to exercise jurisdiction. The purpose was not to shield one accused of crime from prosecution when the court, in which the complaint may have been first filed, had lost its jurisdiction by dismissal of the case. *Id.* at 442.

When construing article 4.16, the court in *Flores v. State*, 487 S.W.2d 122 (Tex.Crim. App.1972) determined that under the statute, the first court legally taking jurisdiction of an offense continues to have exclusive jurisdiction of the case but that jurisdiction can be voluntarily surrendered by a

dismissal of the charge, and the second court can proceed to try the alleged offender. Also, the statute does not render the proceedings in the second court void. Under the statute the dismissal action in the first court does not preclude the jurisdiction of the second court. *Id.* at 126. Also, see *Garber v. State,* 667 S.W.2d 611, 613 (Tex.App.—El Paso 1984, no writ).

 In this instance, Potter County Court at Law Number Two had jurisdiction to proceed with the charges against the appellee after Potter County Court at Law Number One dismissed the case against appellee. In legal effect, Potter County Court at Law Number One's dismissal of the case against the appellee was a voluntary relinquishment of that court's jurisdiction to hear and determine the case. The fact that the State's attorney did not appeal or otherwise challenge the first court's dismissal does not diminish the second court's jurisdiction to hear and determine the case. In essence, the State's election not to appeal the first court's dismissal is no more than acquiescence of the first court's relinquishment of jurisdiction. Consequently, we conclude that the trial court erred by granting the appellee's motion to dismiss in this instance.

In sum, we sustain the State's sole point of error. Accordingly, the trial court's dismissal order is reversed and the cause is remanded to the trial court.