The STATE of Texas, Appellant,

v.

Leatha Dry JOHNSON, Appellee.

No. 1026–90.

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1991.

Dale W. Elliott, County Atty., and David Kemp, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Jeff Blackburn, Amarillo, for appellee.

OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellee, Leatha Dry Johnson, was charged by information with driving while intoxicated (DWI). The trial court granted Appellee's motion to dismiss the information, and the State appealed. The Seventh Court of Appeals subsequently reversed the dismissal order and remanded the cause. *Johnson v. State*, 795 S.W.2d 329 (Tex.App.—Amarillo 1990). We granted Appellee's petition for discretionary review, pursuant to Tex.R.App.Proc. 200(c)(2), to determine whether the trial court had the power to dismiss the cause without the State's consent. We will reverse.

The DWI information was originally filed in County Court at Law Number One of Potter County and set for trial. At the specified trial date and time, Appellee appeared and announced ready. The State's attorney was not present, however.[1] On Appellee's motion, the county court judge dismissed the charge because of the prosecutor's failure to appear.

Later that same day, the State filed a complaint and information in County Court at Law Number Two, a county court with concurrent jurisdiction, charging Appellee with the same DWI offense. Appellee promptly filed a motion to dismiss this second information, too, alleging that she was denied due process and due course of law under the Texas and United States constitutions and that she was denied the right to an effective remedy at law and finality of judgment under Article I, § 13 of the Texas Constitution. County Court at Law Number Two dismissed the cause as requested, over the State's objection, holding that the State's decision not to appeal the first dismissal implied its acquiescence to that first dismissal, so the State could not continue its prosecution against Appellee

---

1. The prosecutor was present in the courtroom shortly before Appellee's case was called. The judge was not present then, however, and the court coordinator told the prosecutor that four divorce cases were ahead of Appellee's case. The prosecutor asked the coordinator and bailiff to call him when the court was ready to hear the case, and indicated he was ready and would be present with State's witnesses. He then returned to his office. In his absence, the trial court called the case and dismissed it on Appellee's motion.

by simply filing the same charge in another court.

The State appealed the second dismissal pursuant to Article 44.01 of the Texas Code of Criminal Procedure. The court of appeals agreed with the State that County Court at Law Number Two exceeded its authority in dismissing the charges filed against Appellee in the absence of a State's motion since the dismissal was based on grounds other than a defective charging instrument. The court referred to the "well established common law rule" that the prosecutor, not the judge, has the sole power to dismiss a criminal case, citing *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174 (Tex.Cr.App.1930). *Johnson* at 330. The court of appeals also noted that Article 32.02 does not authorize a trial court to dismiss a criminal case without the State's consent.

The court of appeals added that although Article 44.01(a)(1) permits the State to appeal, that statute does not authorize a trial court to dismiss a *valid* charging instrument. Even before enactment of the State's right to appeal, under *Anderson* it had a mandamus remedy when a trial judge dismissed a case for any reason other than an invalid charging instrument.

The court of appeals rejected Appellee's claim that the State's action in refiling the charge in the County Court at Law Number Two violated her rights to due process and judgment finality. The court of appeals held that Article 4.16 gives the first court legally taking jurisdiction exclusive jurisdiction. That jurisdiction, however, may be voluntarily surrendered by dismissal of the charge. In such an event, the court of appeals added, a second court of concurrent jurisdiction could proceed to try the offender, according to *Epps v. State*, 130 Tex.Crim. 398, 94 S.W.2d 441 (1936). The court of appeals concluded that, in the instant case, County Court at Law Number One surrendered its jurisdiction over the case when it granted Appellee's motion to dismiss. Thus, under these circumstances, County Court at Law Number Two had jurisdiction and improperly dismissed the case.

In her first ground for review, appellee argues to this Court that County Court at Law Number Two properly dismissed the case against her. According to Appellee, the rule in *Anderson* that a trial court may not dismiss without the State's consent was based on the State's inability, at that time, to appeal dismissals: to allow a trial court to dismiss a cause on its own determination without the State's consent took away the State's ability to conduct and control prosecutions when the State had no right to appellate review. Appellee argues that, given the State's current right to appeal dismissals under Article 44.01, the rationale supporting *Anderson* is no longer sound.

Appellee argues also that trial courts have inherent authority to dismiss a case, even when the basis of the dismissal is not a defective charging instrument. She notes that courts dismiss for violations of speedy trial rights without State consent.

The State argues in response that County Court at Law Number Two did not have authority to dismiss the case because, absent the State's consent, a trial court may only dismiss an *invalid* charging instrument. The State argues, too, that its present right to appeal does not create an exception to this rule. Under Article 1.27, courts must rely on the common law unless there is a specific statutory provision to the contrary, and there is no language in Article 44.01 which suggests an intention to allow a dismissal when the State chooses not to appeal. The State claims that Article 44.01 did not create an obligation to appeal, only an option of appealing a dismissal or re-filing charges.

Initially, we must consider the general nature of a court's authority to act. In *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr.App.1990), we recognized that the core of judicial power vested in the courts by the Texas Constitution embraces the authority to hear evidence, decide issues of fact raised by the pleadings, decide relevant questions of law, enter final judgments on the facts and law, and execute final judgments or sentences. See also *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Cr.App.1984).

Generally speaking, a court's authority to act is limited to those actions authorized by constitution, statute, or common law.[2] *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969); see also *Wilson v. State*, 154 Tex.Crim. 39, 224 S.W.2d 234 (1949); *State v. Olsen*, 360 S.W.2d 398 (Tex.1962). In *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex.Cr.App.1980), this Court stated:

> The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions 'and to do any and all things with reference thereto *authorized by the Constitution and statutes, or permitted district courts under established principles of law.*' *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069 (1926).

(Emphasis added.) See also *State ex. rel Holmes v. Denson*, 671 S.W.2d 896 (Tex.Cr. App.1984).

In addition to specific power to act conferred by constitutional provision, statute, or common law, all courts have inherent authority to take certain actions. In *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979), our sister court noted that in addition to express grants of judicial power, a court has inherent judicial power, which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, or in the preservation of its independence and integrity.[3] Courts may also have implied authority to act, arising from specific grants of power. *Ibid.*

In sum, a court may take a particular action only if that action is authorized by constitutional provision,[4] statute, or common law, or the power to take the action arises from an inherent or implied power. We now turn to the specific question of whether a court has any authority to dismiss a criminal case without the prosecutor's consent.

In *Anderson*, the District Attorney filed a petition for writ of mandamus in order to compel Judge Anderson to set for trial certain criminal cases, which had been dismissed by another judge. The Commission of Appeals held that if the trial judge had no authority to dismiss the cases under the Texas Constitution, common law, or statutory law, then the judge's attempted exercise of power was void. The Commission considered several opinions holding that only a prosecutor could seek a dismissal or *nolle prosequi*, and held that under the common law the trial court lacked authority to dismiss a prosecution except on written motion of the district attorney. The Commission noted, too, that enactment of Article 577, Code of Criminal Procedure 1925 (which language was substantially similar to present Article 32.02,[5]) merely conferred upon the trial court veto power over a *district attorney's request* to dismiss and indicated that the Legislature intended that only a district attorney could move for dismissal. The Commission concluded that the trial court lacked the authority to dismiss the cases without the prosecutor's consent and its actions in so doing were void.[6] See also *Malley v. State*,

---

**2.** At this juncture, we acknowledge that a court has the power to dismiss a case without the State's consent in certain circumstances, such as when a defendant has been denied a speedy trial, when there is a defect in the charging instrument, or, pursuant to Article 32.01, when a defendant is detained and no charging instrument is properly presented. The power to dismiss in these circumstances is authorized by common law or statute and does not give rise to a general right to dismiss in contravention of the general rule stated in *Anderson.*

**3.** In *Eichelberger*, 582 S.W.2d at 398, fn. 1, the Court referred to several types of inherent authority, which included a court's power to change, set aside, or otherwise control its judgments, summon and compel attendance of witnesses, punish by contempt, regulate the prac-

tice of law, and provide personnel to aid the court in the exercise of its judicial functions.

**4.** See generally *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990).

**5.** Article 32.02 provides:
> The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

**6.** In *Anderson, id.* 26 S.W.2d at 178, the Court noted that:
> It must be remembered that the state has no right of appeal, and for this reason, if district

125 Tex.Crim. 625, 69 S.W.2d 765 (1934) (trial court may set aside verdict and order new trial but may not dismiss prosecution without prosecutor's consent).

In *Pope v. Ferguson,* supra, the Texas Supreme Court considered a petition for writ of mandamus to compel a judge to dismiss the relator's armed robbery charges. The Court noted that Texas courts may only act as authorized by law: any court power must be based on the Texas Constitution, the enactments of the legislature, or the common law. The Court referred to *Anderson* and held that a trial judge does not have the authority to dismiss a criminal case except on the State's motion to do so. Thus, the Texas Supreme Court could not direct the judge to enter a dismissal order because such an order could only be requested by, and granted on the request of, the prosecutor.[7]

■ We hold that *Anderson* and its progeny settle the issue with regard to the common law: except in certain circumstances, a court does *not* have the authority to dismiss a case unless the prosecutor requests a dismissal. We also hold that there is no inherent power to dismiss a prosecution, since dismissal of a case does not serve to "enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity." *Eichelberger,* supra at 398. Last, we find no statutory or constitutional provision which would imply a court's authority to dismiss a case without the State's consent, in contravention of the settled common law. In sum, there is no general authority, written or unwritten, inherent or implied, which would permit a

trial court to dismiss a case without the prosecutor's consent.

With regard to Appellee's argument that *Anderson* does not apply because it was decided before the enactment of Article 44.01, we note that that article provides, in pertinent part:

(a) The State is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information or complaint;

. . . .

Appellee contends that since the State may appeal a dismissal, then the trial court has the authority to dismiss without the State's consent.

Given the rule that a court may act only as provided by law, Appellee would have this Court interpret Article 44.01 so as to invest trial courts with power to dismiss cases without the State's consent. The plain language of the statute, however, does not support such an interpretation: the only "authority" created by the statute is the State's right to appeal. Certainly, that article fails to expressly or impliedly change the *Anderson* holding that a court lacks the authority to dismiss a case without the prosecutor's consent. Thus, the fact that *Anderson* was decided before the enactment of Article 44.01 has no bearing on *Anderson*'s holding that a court lacks the power to dismiss without the State's consent. Appellee's first ground for review is overruled.

■ We hold that in the instant case, County Court at Law Number One lacked the authority to dismiss the prosecution when the State's attorney failed to appear

courts possess the power contended for, they would possess superior authority to the officer specially charged by law with the conducting of criminal prosecutions. Under such a situation, the district attorney, . . ., cannot dismiss the same without permission of the court, but the court would be vested with power to not only dismiss the same without the consent, but even over the protest, of the prosecuting attorney.
This language may facially support appellee's claim that enactment of a State's right to appeal changes the previous rule that a court could not dismiss absent the prosecutor's consent. This

language, however, was written in response to the respondent's arguments and, therefore, constitutes mere dicta. The Court's holding that a court could not dismiss absent the State's consent was based on the *lack of constitutional, statutory, or common law authority for such an action,* not on the State's inability to appeal.

7. The Supreme Court acknowledged that a court would have the authority to set aside a charging instrument or grant a plea in abatement if a defendant was denied the right to a speedy trial.

when the case was called for trial.[8] As such, contrary to the Court of Appeals' ultimate holding, County Court at Law Number One did not effectively waive its jurisdiction. According to Art. 4.16, V.A.C.C.P., when two or more courts have concurrent jurisdiction, the court in which the complaint is first filed shall retain jurisdiction. Absent a proper disposal of the case, County Court at Law One retained jurisdiction of the instant case and the County Court at Law Number Two did not have authority to act.[9]

In her second ground for review, Appellee claims that the court of appeals misstated the grounds for her "Motion Seeking Enforcement of Prior Court Order, or Alternatively, Dismissal of Cause," submitted to County Court at Law Number Two. Given our previous disposition, however, any errors committed in County Court at Law Number Two are moot and need not be addressed. We therefore overrule Appellee's second ground for review.

The judgment of the Court of Appeals is vacated and the cause remanded to that court with instructions to direct County Court at Law Number Two to transfer cause number 52,919 to County Court at Law Number One for further proceedings not inconsistent with this opinion.

OVERSTREET, J., not participating.

CLINTON, Judge, concurring.

To amplify what occurred in case number 52,366 after those preliminary incidents recounted by the majority in note 1 of its

opinion, let us resort to the statement of facts, *viz:*

THE COURT: All right. I'll call the case again, State of Texas vs. Leatha Dry Johnson.

[DEFENSE]: Defendant is ready and present and ready to go to trial.

THE COURT: All right. There is no announcement from the State. Is there anyone here on behalf of the State of Texas?

All right. [Defense counsel], do you want to move for dismissal?

[DEFENSE]: I move the *charges* against Ms. Johnson be dismissed *with prejudice,* Your Honor.

THE COURT: All right. Motion for dismissal will be granted. *Charges dismissed.*

[DEFENSE]: Thank you very much.

S.F. August 17, 1989 proceedings, at 4.[1] There are a docket entry to the same effect, Tr. 15, and a written "Order of Dismissal" signed by the trial judge of even date, reciting in more detail facts and circumstances, particularly the motion for *"Dismissal of Charges with Prejudice,"* leading to the action taken by the trial court; it concludes:

After due consideration by the Court, IT IS ORDERED that the above numbered and styled *case* against the Defendant, LEATHA DRY JOHNSON, is hereby DISMISSED.

Tr. 16.[2]

That purported dismissal with prejudice generated the contretemps which thus far

---

**8.** Our holding does not leave the trial court without recourse in such a situation. If the records reflect a State's announcement of ready, the trial court could call the case to trial and, absent evidence or witnesses by the State, find the defendant not guilty. If a prosecutor appears and witnesses are not available, then the trial court could simply deny the State's motion for continuance. The court may not, however, dismiss the case in the manner used in the instant case.

**9.** Although both county courts had subject matter jurisdiction over the charged offense, in essence, County Court at Law Number One retained jurisdiction because the dismissal of the information was a complete nullity and thus the

provision in Art. 4.16 necessitates the retention of jurisdiction in County Court at Law Number One.

**1.** All emphasis throughout this opinion is mine unless otherwise indicated.

**2.** The "charges" alluded to are a complaint and information in case number 52,366 in the County Court at Law No. 1. Tr. 13, 14. The docket sheet in that case reflects that bail was fixed at $500, and it is stipulated by the parties in this cause that after rendering its order of dismissal in case number 52,336 the' court "discharged Ms. Johnson from her bond and allowed her to leave." Tr. 11.

has consumed time and energy of another county court at law, a court of appeals and now this Court. We are confronted with the paradox of a prosecutor disdaining his coveted right to appeal from the first "dismissal," initiating the same criminal action in another court, and then taking an appeal from a second "dismissal" to claim that the latter court "was without authority to dismiss the valid information." *State v. Johnson*, 795 S.W.2d 329, at 330 (Tex.App.—Amarillo 1990). Such is the stuff of which public despair of the judicial part of our criminal justice system is made.

While it possessed jurisdiction of the criminal offense, the County Court at Law No. 1 was utterly without authority to dismiss the information and underlying complaint and thus the criminal action in case number 52,336—with or without prejudice—and to discharge appellant from the obligation of her appearance bond. Article 32.02, V.A.C.C.P.; *State v. Eaves*, 800 S.W.2d 220, at 223 (Tex.Cr.App.1990); *Malley v. State*, 125 Tex.Cr.R. 625, 69 S.W.2d 765, at 776 (1934); *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174, at 178–179 (1930). Today the Court so concludes. Slip Opinion, at 613.

Furthermore, that the purported dismissal was "a voluntary relinquishment of.... jurisdiction to hear and determine the case" is not supported by decisions relied on by the court of appeals, *Johnson*, supra, at 331–332, since none involves an *unauthorized* dismissal.[3] Where a judge properly empowered and authorized to do so on mo-

tion of the prosecutor causes the trial court to dismiss a charging instrument in favor of prosecution pending in another court, to say that dismissal amounts to "voluntary relinquishment of jurisdiction" may be logically correct. But when a judge without power and authority to do so on motion of defendant purposefully undertakes to cause the trial court to "dismiss" a charging instrument with prejudice and to discharge the accused, it is a non sequitur to say by rote that such an unauthorized dismissal constitutes "voluntary relinquishment of jurisdiction." More to the point, the latter judge purports to cause the trial court to "exhaust" all jurisdiction over the criminal action and the person of the accused. See *Garcia v. Dial*, 596 S.W.2d 524, at 528 (Tex.Cr.App.1980) (after authorized dismissal of charging instrument, jurisdiction of trial court over cause is "exhausted").

"[T]he action of the [county court at law] in summarily dismissing the criminal case[ ] on the motion[ ] of the defendant[ ] was void[.]" *State v. Anderson*, supra, 26 S.W.2d at 179. Therefore, it is a nullity and could not be in law a proper relinquishment of jurisdiction over the subject matter and person of defendant. Since County Court at Law No. 1 retained actual jurisdiction over case number 52,336, County Court of Law No. 2 never acquired jurisdiction of the same offense or person of appellant. Article 4.16, V.A.C.C.P. Therefore, the judge of County Court at Law No. 2 was justified in rendering and causing to

---

**3.** At common law the power to enter a *nolle prosequi* rests solely in the prosecuting attorney; in 1876 the Legislature restricted exercise of that power by requiring the prosecutor to obtain permission of the court to dismiss a criminal action; however, it did not authorize the court to dismiss a criminal action on motion of defendant or *sua sponte*. *State v. Anderson*, supra. Such is still the law, Article 32.02, supra, and we must presume courts followed it unless shown otherwise.

In *Epps v. State*, 130 Tex.Cr.R. 398, 94 S.W.2d 441 (1936), Judge Lattimore did comment on the purpose of the statute; he did not reveal the basis for dismissing the Navarro County indictment, but on rehearing Presiding Judge Morrow took pains to note that a *"proper* order dismissing the indictment" had been entered in the minutes of the court. *Id.*, 94 S.W.2d at 442.

In *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App. 1972), on the day set for trial of the first indictment the State announced its intention to dismiss the indictment in order to seek another one on a different theory; the court indicated its willingness to dismiss and instructed that a proper motion be prepared and presented, *id.*, at 124. *"The [judge] could not, however, dismiss the cause until the State's written motion was presented to him. See Article 32.02, [supra]," Id.,* at 125; that was done and the motion was granted "prior to conclusion of the instant trial [on the second indictment] and the entry of judgment," *Id.*, at 125–126.

Compare *Ringer v. State*, 135 Tex.Cr.R. 573, 121 S.W.2d 364, at 366 (1938) (State sought to dismiss prior indictment but apparently motion never granted).

be entered the order at issue, which may be construed as declining to exercise further jurisdiction over the subject matter and person of appellee. *Ringer v. State*, 135 Tex.Cr.R. 573, 121 S.W.2d 364, at 366 (1938); cf. *Ex parte Lohse*, 157 Tex.Cr.R. 488, 250 S.W.2d 215 (1952) (motion for rehearing 250 S.W.2d at 217) (where defendant raised question of jurisdiction of his person, plea should be sustained).

With those observations and reasons, and because the Court reaches substantially the same result, I join its judgment.