IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0376-05, PD-0377-05






THE STATE OF TEXAS



v.



MICHAEL KENT PLAMBECK, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


HIDALGO COUNTY





 Keller, P.J., delivered the opinion of the Court in which KEASLER,
HERVEY, HOLCOMB and COCHRAN, JJ., joined. JOHNSON, J., delivered a
dissenting opinion in which MEYERS, PRICE, and WOMACK, JJ., joined.




 The question we confront today is whether the trial court has general authority to dismiss an
indictment without prejudice in the absence of the State's consent. The answer to that question is
"no." Consequently, we reverse the judgment of the court of appeals.

I. BACKGROUND


 This case involved three sets of indictments charging appellee with barratry and conspiracy
to commit barratry. The first set of indictments was obtained from grand jury proceedings in which
a Texas Ranger was allowed to question witnesses extensively, in violation of Texas Code of
Criminal Procedure, Article 20.04. (1) These indictments were voluntarily dismissed by the State after
it obtained a second set of indictments for the crimes. During the proceedings leading to the second
set of indictments, however, the prosecutor read testimony from transcripts of statements made to
the Texas Ranger by several witnesses. The State voluntarily dismissed the second set of
indictments after obtaining a third set of indictments for the offenses. The third set of indictments
described the earlier indictments for purposes of tolling the statute of limitations. 

 Appellee filed a motion to dismiss the indictments and a pretrial application for a writ of
habeas corpus. In the motion to dismiss, appellee contended that the third set of indictments came
"after the State voluntarily dismissed a previous indictment for improper Grand Jury procedures"
involving the questioning of grand jurors by an unauthorized person. Although the motion did not
allege that the improper questioning occurred during proceedings leading to the third set of
indictments or in any way impacted those proceedings, it requested a dismissal of the third set of
indictments on the basis of "defects of form outlined above." The habeas application alleged that
prosecution for the offenses outlined in the third set of indictments was barred by limitations. 

 The trial court granted relief on the habeas application and granted the motion to dismiss, and
the State appealed both decisions. With regard to the habeas application, the State argued that the
first and second sets of indictments tolled the statute of limitations. With regard to the motion to
dismiss, the State conceded that it erred in allowing the Texas Ranger to question witnesses, but 
argued that dismissal was unwarranted because no constitutional right was violated and dismissal
was not necessary to cure the error. In connection with its contentions regarding the motion to
dismiss, the State first observed that dismissal with prejudice was an extraordinary and drastic
remedy that is rarely imposed, and the State contended that the trial court's action amounted to a
dismissal with prejudice because the statute of limitations had run. The State then argued that "a
trial court has no general authority, written or unwritten, inherent or implied, permitting it to dismiss
a case without the State's consent." In support of this argument the State cited State v. Johnson (2) and
several other cases. (3) 

 The court of appeals decided that "[a] preliminary issue" to be addressed was "whether the
trial court dismissed the indictment with [or] without prejudice." (4) The court of appeals found that
the dismissal was without prejudice because the first and second sets of indictments tolled the statute
of limitations. (5) Citing the appellate rules' requirements for briefing arguments, the court of appeals
then found that the State had failed to direct it to any legal authority that would require the court to
reverse a dismissal made without prejudice. (6) The court of appeals contended that "[E]very case cited
by the State in support of this argument is one in which the trial court erroneously dismissed the
indictment with prejudice and was reversed . . . or the trial court had not dismissed the indictment
at all, despite a motion to do so by the defendant." (7) But the court of appeals's opinion did not cite
or discuss Johnson. Further, relying upon estoppel cases, the appellate court faulted the State for
allowing the statute of limitations to expire by not attempting to cure the Article 20.04 violation by
seeking another (fourth) set of indictments. (8) As a result of its "without prejudice" holding, the court
of appeals did not address specifically whether the Article 20.04 violation that occurred in
proceedings leading to the first set of indictments was a valid basis for dismissing the third set of
indictments. (9) In addition, the court of appeals declined to address the merits of the habeas appeal. (10)

 The State filed a motion for rehearing. In its second ground for rehearing the State took issue
with the court of appeals's holding that the trial court's authority to dismiss an indictment without
the State's consent turned upon whether that dismissal was with prejudice:

The State has argued, and provided abundant supporting case law, that a trial court
has no authority to dismiss an indictment without the State's consent except in few
well-defined instances that were not applicable in this case. See, e.g., Johnson v.
State [sic], 821 S.W.2d 609, 612-613 (Tex. Crim. App. 1991); State's Brief, pp. 17-32. The definitive issue is whether the trial court had authority to dismiss the
indictment over the State's objection, not whether the dismissal was with or without
prejudice.


(Emphasis in original). The State's motion for rehearing was denied.

 The State subsequently filed a petition for discretionary review, presenting the following
ground: "Is article 44.01(a)(1) of the Code of Criminal Procedure, which authorizes the State to
appeal an order that 'dismisses an indictment,' limited to dismissal orders that are specifically
designated as being 'with prejudice?'" In support of its position, the State discussed our decision in 
State v. Moreno, (11) including the following passage concerning when a prosecution is terminated for
the purpose of determining the State's right to appeal: "whenever the effect of the [trial court's] order
forces any alteration of the indictment or information before the trial on the merits and the State is
not willing to comply with that order." (12) We granted review.

II. ANALYSIS


 The State characterizes the court of appeals's holding as being "essentially" that the State
does not have the right to appeal a dismissal without prejudice under Article 44.01. It's argument
is that, under the court's reasoning, a trial court's decision to dismiss a charging instrument without
prejudice can never be reversed on appeal. Its right to appeal that decision under Article 44.01 being
an empty right, says the State, there is no right to appeal. This overstates the effect of the court's
holding, but not by much. The State still has a right to appeal under those circumstances, but that
right is necessarily ineffective. 

 The State's underlying complaint to this Court is that the court of appeals erred in failing to
address its claim. We agree with the State's basic complaint that the court of appeals erred in
finding the nature of the dismissal (with or without prejudice) to be dispositive, and in therefore
failing to address the merits of the State's claim on appeal. (13) 

 Johnson held that "there is no general authority, written or unwritten, inherent or implied,
which would permit a trial court to dismiss a case without the prosecutor's consent." (14) Nothing in
Johnson restricts that pronouncement to dismissals with prejudice. To the contrary, the facts of
Johnson suggest that there is no such restriction. 

 In that case, the defendant was charged by information with driving while intoxicated (DWI)
in County Court at Law Number One. (15) The prosecutor failed to appear in court on the date of trial,
and, pursuant to the defendant's motion, the trial judge dismissed the charge. (16) Later that day, the
State filed a new information, alleging the same DWI charge, in County Court at Law Number Two,
a court that had concurrent jurisdiction. (17) The defendant then filed a motion to dismiss this second
information. (18) The trial judge granted the motion on the ground that "the State's decision not to
appeal the first dismissal implied its acquiescence to that first dismissal, so the State could not
continue its prosecution against [the defendant] by simply filing the same charge in another court." (19) 
The preceding statement - that the State could not continue its prosecution - necessarily means that
this dismissal was with prejudice. The State then appealed the second dismissal. (20) The court of
appeals held that the second dismissal was improper because the trial court had no authority to
dismiss the case without the State's consent, and that jurisdiction was proper in the County Court
at Law Number Two because the dismissal of the case in the County Court at Law Number One
amounted to a surrender of jurisdiction over the case. (21) We held that the County Court at Law
Number One lacked the authority to dismiss the information when the State's attorney failed to
appear and, as a result, did not effectively waive jurisdiction over the case. (22) We then vacated the
court of appeals's judgment and remanded with instructions to direct the County Court at Law
Number Two to transfer the case to the County Court at Law Number One for further proceedings
consistent with our opinion. (23) 

 Our opinion did not say whether the County Court at Law Number One's dismissal of the
information was with or without prejudice, but a prosecutor's failure to show up for court is not the
type of circumstance that would warrant a "with prejudice" dismissal. And the State apparently did
not perceive the first dismissal as being with prejudice since a second information was filed. Also,
the court of appeals may have been operating under the assumption, consistent with the court of
appeals's holding in the present case, that the prohibition against dismissals without the State's
consent extended only to dismissals with prejudice. Such an assumption would explain reversing
the dismissal with prejudice by the County Court at Law Number Two, while at the same time
holding that the County Court at Law Number One relinquished jurisdiction - its dismissal being
without prejudice. But this Court repudiated that type of reasoning by directing that the prosecution
proceed in the County Court at Law Number One. In any event, Johnson's silence on the "with or
without prejudice" nature of the dismissal suggests that it was irrelevant to our holding regarding the
trial court's authority on the matter. The trial court simply had no general authority to dismiss the
case without the prosecutor's consent, and the circumstances presented (the prosecutor's failure to
appear) did not confer any specific authority to do so.

 We therefore disagree with the court of appeals's implicit conclusion that a trial court has
unfettered discretion to dismiss a prosecution without prejudice. And to the extent the court of
appeals suggested that the State failed to comply with briefing requirements by failing to direct that
court to authority on the issue now before us, we disagree, since Johnson was prominently cited in
support of the State's position in the State's brief on original submission. 

 Moreover, the appellate court erred in holding that the State was obligated to cure error, by
seeking another indictment, in order to challenge the specifics of the trial court's ruling on appeal. 
As we pointed out in Moreno, the State is entitled to stand on its charging instrument and appeal a
trial court's adverse ruling dismissing the same, even if amendment is possible. (24) Relying upon
Moreno, we later held in State v. Young that appeal was permitted where the challenge to the
charging instrument was based on a defect in the grand jury proceedings. (25) It would seem pointless
for the State to have the right to appeal dismissals without prejudice for a defect in grand jury
proceedings (as recognized in Young) if the State could never obtain relief because it would always
be obligated to attempt to cure error by obtaining another indictment. 

 More importantly, requiring the State to effect such a cure runs contrary to the reason for
restricting the trial court's authority to dismiss prosecutions: the prosecutor's office is the entity
primarily responsible for controlling the prosecution's progress. (26) Requiring the prosecutor to seek
a new charging instrument whenever the prosecution is dismissed without prejudice would
essentially subject the charging process to the control of the trial judge. Where the dismissal was
based on an event occurring in the grand jury proceedings, further grand jury proceedings -
including, possibly, the impaneling of a new grand jury - would be required. If the trial judge were
dissatisfied in any way with the grand jury proceedings (or, for that matter, any other pretrial
proceedings) then the use or threat of a dismissal without prejudice could be effectively employed
to force the prosecutor to conform the charging process (or other proceedings) to the trial court's
will, even if the trial court's concerns were without merit. Appellate review of the trial court's
reasons for dismissal is essential to maintaining the independence of the prosecuting authority.

 The court of appeals's estoppel concerns are without foundation because those concerns
erroneously assume that the State has somehow created a problem by not procuring a new
indictment. In a given case, the trial court's basis for dismissal may well be due to a problem created
by the prosecutor. But that is an appellate issue that turns upon whether the prosecutor did in fact
create a problem and whether dismissal was a proper response to that problem. Failing to procure
a second charging instrument to cure what the trial court believes is a problem is not itself a State-created problem that would justify invoking the doctrine of estoppel. Rather, it is the State's right
to stand on its charging instrument and have an appellate court pass on whether the trial court's
reasons for dismissal were sufficient.

 The judgment of the court of appeals is reversed and the case is remanded for further
proceedings consistent with this opinion.

 Keller, Presiding Judge 

Date delivered: November 23, 2005

Publish

 
1. Article 20.04 provides in relevant part, "No person other than the attorney representing
the State or a grand juror may question a witness before the grand jury."
2. 821 S.W.2d 609 (Tex. Crim. App. 1991).
3. The State then made other arguments in its brief that are not relevant to this opinion.
4. State v. Plambeck, Nos. 13-02-492-CR, and 13-02-493-CR, slip op. at 3 (Tex.
App.-Corpus Christi, December 2, 2004)(not designated for publication).
5. Id. at 4.
6. Id. at 5 (citing Tex. R. App. P. 38.1(h)).
7. Id. at 4-5.
8. Id. at 5 (citing Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) regarding
"the law of invited error" and Gonzalez v. State, 115 S.W.3d 278, 286 (Tex. App.-Corpus Christi
2003, pet. ref'd) for the proposition that a party "should not be allowed to create [a] problem at
[the] trial level, [and] then complain on appeal of self-induced error").
9. Id.
10. The dissent argues that this petition should be dismissed because the State did not
complain to this Court that the court of appeals failed to address Issue One of the State's claims
on appeal. But the court of appeals did not fail to address the claim - the court held that it was
unnecessary to address the claim. This is not like the cases in which the intermediate court skips
an issue raised by a party, in which event we require the party to complain of the court's
negligence. A court is not required to address issues that become moot because of the resolution
of other issues, and the State had no legitimate complaint to raise regarding the manner in which
the court of appeals disposed of Issue One. See, e.g., Hull v. State, 67 S.W.3d 215, 217 n. 3
(Tex. Crim. App. 2002). 
11. 807 S.W.2d 327 (Tex. Crim. App. 1991).
12. Id. at 334.
13. We express no opinion on whether the dismissal in this case was in fact "without
prejudice." We simply assume it for the sake of this discussion. 
14. 821 S.W.2d at 613.
15. Id. at 610.
16. Id.
17. Id.
18. Id.
19. Id. at 610-611.
20. Id. at 611.
21. Id.
22. Id. at 613-614.
23. Id. at 614.
24. 807 S.W.2d at 333-334.
25. 810 S.W.2d 221, 222-224 (Tex. Crim. App. 1991)(State could appeal where trial
court's dismissed indictments on the ground that the grand jury had been discharged before the
indictments were returned).
26. See Meshell v. State, 739 S.W.2d 246, 252-258 (Tex. Crim. App. 1987)(Speedy Trial
Act violated separation of powers by infringing on prosecutorial discretion).