Opinion filed May 24, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 24, 2007

 

 

 

 

                                                                        In The

    Eleventh
Court of Appeals

                                                                 ____________

                                                          No. 11-06-00210-CR 

                                                    __________

                                     STATE
OF TEXAS,  Appellant

                                                             V.

                                     BLANCA
BARRIGA,  Appellee



                                  On Appeal from
the County Court at Law No. 2

 Ector
 County, Texas

Trial Court
Cause No. 05-2238



                                                                   O
P I N I O N 

After the trial court found that Blanca Barriga
was not afforded her constitutionally guaranteed  right to a speedy trial,  it dismissed this case with prejudice under
the provisions of the Sixth Amendment to the Constitution
of the United States.[1]
We vacate the order of the trial court and render judgment dismissing this case
without prejudice.[2]

On May 12, 2005, the State charged appellee with
the offense of criminal mischief.  The
case was called for trial on March 2, 2006, but a jury could not be seated and
the trial court declared a mistrial.








Subsequently, on July 31, 2006, the State and
appellee announced ready for trial.  This
time, the case was to begin before a jury on August 1, 2006.  Just prior to the start of the jury voir dire
process, the State filed a motion for continuance.  The State informed the trial court that there
were two witnesses whom they could not locate. 
The witnesses had been present on the earlier trial date, but the State
represented that they could not locate them this time.  The prosecutor also informed the court that
some of the State=s other
witnesses had just told him Alike,
ten minutes ago@ where
the witnesses worked.

Appellee=s
attorney responded with a motion to dismiss Afor
[w]ant of [p]rosecution.@  The trial court said that it preferred not to
hear any testimony on the matter of the continuance, but it did hear arguments
from the lawyers.  The trial court denied
the State=s motion
for continuance.  There was no express
ruling on appellee=s motion
to dismiss, but the trial proceeded with the voir dire examination of the jury
panel.

When appellee=s
counsel was conducting the defense portion of voir dire, he told the members of
the jury panel the name of the victim of the alleged offense, and then he
spelled the last  name  for them as it was spelled in the complaint
and in the information.   When the voir
dire process had been completed, the trial court recessed so that the parties
could exercise their challenges to individual jurors.  During this recess, the State filed a motion
to dismiss.  The motion to dismiss was
based upon the misspelling of the victim=s
last name in the complaint and in the information.

Appellee=s
lawyer told the trial court that he understood that the State Ais entitled to dismiss the case@ but that appellee was asking that the
dismissal be based upon the holding in Barker v. Wingo, 407 U.S. 514
(1972).  Barker deals with issues
of an accused=s right
to a speedy trial under the Sixth Amendment to the United States
Constitution.  States are subject to  the Sixth Amendment by virtue of the due
process clause of the Fourteenth Amendment to the United States Constitution.  Shaw v. State, 117 S.W.3d 883, 888 (Tex. Crim. App.
2003).            

In a single issue on appeal, the State argues that
the trial court erred when it dismissed the case with prejudice because A[t]here is no general authority,
written or unwritten, inherent or implied, which would permit a trial court to
dismiss a case without the prosecutor=s
consent.@  The State further argues that the judgment
dismissing the case with prejudice is void and a Anullity
from the beginning.@








When it is shown that there has been a violation
of an accused=s right
to a speedy trial, the proper remedy is dismissal with prejudice.  Strunk v. United States, 412 U.S. 434,
440 (1973); Shaw, 117 S.W.3d at 888; State v. Johnson, 821 S.W.2d
609, 612 n.2 (Tex. Crim. App. 1991); Hull v. State, 699 S.W.2d 220, 224
(Tex. Crim. App. 1985).  Actions of the
State and of an accused are placed in the balance when we determine whether
there has been a denial of the constitutional right to a speedy trial.  Barker, 407 U.S. at 530; Shaw, 117
S.W.3d at 888.  While not a conclusive
lists of factors, some of the factors to be considered and balanced in this
inquiry are the length of the delay, the reason behind the delay, the
circumstances surrounding the assertion of the right to speedy trial by an
accused, and the prejudice to an accused brought about by the delay.  Barker, 407 U.S. at 530.  No single one of those factors is necessary
to establish the violation, and neither is any of them, alone, sufficient to
establish a violation of an accused=s
constitutionally guaranteed right to speedy trial.  Id.
at 533; Shaw, 117 S.W.3d at 889. 
We must uphold the ruling of the trial court if that ruling is supported
by the record, and if it is correct under the applicable law.  Shaw, 117 S.W.3d at 889. 

On August 1, 2006, during the post-voir dire
recess, the trial court conducted a hearing on the dismissal issue.  During the hearing, appellee asked the
prosecutor if he would stipulate that the offense occurred in March 2005.  The State=s
response was A[n]o,@ and appellee called the prosecutor as
a witness.  Under questioning by appellee=s lawyer, the prosecutor testified that
he was an assistant county attorney on March 21, 2005, and that a criminal
complaint was filed against appellee on May 12, 2005, in which the State
alleged that appellee committed the offense on March 21, 2005. 

The date on which a defendant is arrested or
formally accused is the beginning date to be used when measuring any delay in
affording an accused a trial.  Id.  Appellee appears to be using the date of
the filing of the information, May 12, 2005, as the beginning date of the
delay.  Appellee presented testimony,
through the prosecutor, that the prosecutor had noticed that the victim=s name was spelled various ways in the
police report but that he had never, from at least May 12, 2005, until August
1, 2006 (the date of the trial), noticed that the victim=s
name was spelled incorrectly in the information.  The State offered no additional testimony on
this issue.








Generally, delays Aapproaching
one year@ are
sufficient to Atrigger a
speedy trial inquiry.@
Id.
  We do not believe that the delay
brought about by the failure to obtain a jury at the first trial is chargeable
against the State.  However, on the
sparse record before us, we can find no evidence that there were any other
settings of the case for trial until the one that began on August 1, 2006.  And, the State moved to continue that setting
because it could not find some of its witnesses.  It is evident from the record that some of
its other witnesses knew where they were. 
Additionally, after completion of voir dire at this second setting, the
State moved to dismiss the case against appellee because it had spelled the
last name of the victim incorrectly in the complaint and in the
information.  The spelling error had been
there since at least May 12, 2005, the date on which the State filed the
charging instruments.   In balancing the Barker
factors, we find that the length of the delay and the lack of reasons for the
delay provide some support for the trial court=s
ruling.

The second factor which we will consider relates
to the assertion by appellee of her speedy trial rights.  The longer an accused waits to seek dismissal
upon speedy trial grounds, the more that 
wait militates against the accused. 
Id.
 Here, appellee did not assert her
rights to a speedy trial until the State moved to dismiss the case on August 1,
2006.  Her acquiescence in the delay
until that point in time could be taken as evidence that she did not want a
trial, speedy or otherwise.  It is of
some import, although alone not conclusive on the issue, that appellee never
asked for a trial.  The court in Shaw
said, Athe
longer the delay becomes, the more likely it is that a defendant who really
wanted a speedy trial would take some action to obtain one.@ 
Id.
at 890.  A review of this factor in this
case weighs in favor of the State.

Next, we will consider any prejudice that might
have resulted to appellee because of the delay. 
The right to a speedy trial was intended to prevent oppressive
incarceration prior to trial, to minimize an accused=s
anxiety and concern, and to limit the possibility that the delay would cause
the defense to be impaired.  Barker,
407 U.S.
at 532.

Appellee was out on bond during the pendency of
the case.  The matter of possible
prejudice from pretrial incarceration is not an issue. 








Any anxiety or concern must be such that it passes
the normal concern associated with being charged with a criminal offense.  Shaw, 117 S.W.3d at 890.  Appellee offered no evidence that the delay
brought on anything other than the inconvenience and expense attendant upon any
situation such as this.  Although her
attorney tried to rehabilitate her testimony on this issue, appellee testified
that, although she was not happy about being in court, she was not worried
about the case and was not anxious about it. 


Did the delay cause any impairment to the
presentation of the defense?  To the
contrary, eyewitnesses whom the State intended to call to testify against
appellee were not available at the time of the second trial setting.  They had been present for the first trial.

The record does not show that appellee=s defense was prejudiced by the
delay.  This factor weighs heavily in
favor of the State.

The only factor that weighs in favor of the
appellee when we perform the required balancing test is the lack of any reason
offered by the State for the delay.  If
the length of the delay has any positive effect on appellee=s position, it is very slight because
the delay chargeable to the State was fairly short.  All of the other factors weigh in favor of
the State.  We have balanced all of the
factors, and we hold that the weight is against any finding that appellee=s right to a speedy trial was violated.

When the trial court announced its ruling, it
said, AThe court
will grant the Motion to Dismiss, but will make it with prejudice in this
particular case.@  The trial court had two motions to dismiss
pending before it.  When it entered its
written order dismissing this case, the trial court granted the motion to
dismiss that appellee had made in open court. 
Consequently,  we may assume that
the trial court did not expressly overrule the State=s
motion to dismiss but that it impliedly did so when it granted the competing
motion filed by appellee.  








We understand and empathize with trial courts in
the frustrations attendant upon docket control in the face of circumstances
beyond anyone=s
control.  We further understand and empathize
with trial courts in the frustrations attendant upon docket control in the face
of problems arising from circumstances which could have been controlled but
were not.  However, generally, a trial
court may not dismiss a criminal case unless the prosecutor requests it.   Ex
parte Seidel, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001).  A trial court does have the power to dismiss
a case with prejudice in the absence of a request from a prosecutor if it is
shown that the accused was deprived of her constitutional right to a speedy
trial.  Shaw, 117 S.W.3d at
888.  We have held that appellee  was not deprived of her right to a speedy
trial.  Therefore, the trial court did  not have the authority to enter the order of
dismissal without the prosecutor=s
request.  Johnson, 821 S.W.2d at
613.  Because the order was entered
without authority, it is void.  Ex
parte Seidel, 39 S.W.3d at 224.  The
State=s sole
issue on appeal is sustained. 

Regarding the State=s
motion to dismiss, the State is entitled to dismiss its cases.  Johnson, 821 S.W.2d at 612-13.  In the absence of mitigating factors such as
a denial of the right to a speedy trial, among others, that dismissal is
without prejudice. 

We vacate the order of the trial court granting
appellee=s motion
to dismiss with prejudice.  Because the
trial court should have entered an order granting the State=s motion to dismiss without prejudice,
we render the judgment that the trial court should have entered.  We render judgment granting the State=s motion to dismiss without prejudice.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 24, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]U.S. Const.
amend. VI. 





[2]Appellee did not make a claim under Tex. Const. art. I, ' 10.