NUMBER 13-07-00226-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE STATE OF TEXAS, Appellant,


v.



ERNESTO BERLANGA, Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 This case involves a dismissal of an indictment by the trial court for want of
prosecution in favor of appellee, Ernesto Berlanga. By one issue on appeal, the State
argues that the trial court did not have the authority to dismiss its case against Berlanga
without the prosecutor's consent. We reverse and remand for proceedings consistent with
this opinion.

Factual and Procedural Background

 Berlanga was indicted for murder. The first trial setting for this cause was set for
January 17, 2006. The trial was repeatedly postponed, however, due to multiple requests
for continuances. The last scheduled trial date was on March 19, 2007. On this date, the
State requested a continuance, and Berlanga requested the trial court to dismiss the
indictment against him on speedy trial grounds. The trial court denied Berlanga's motion
to set aside the indictment on speedy trial grounds. Nevertheless, the trial court elected
to dismiss the State's case without prejudice because the State was not ready to proceed
with trial. The State now appeals this order of dismissal.

Analysis

 We first find, without any objection from Berlanga, that the State has the right to
appeal the indictment's dismissal under article 44.01(a)(1) of the Texas Code of Criminal
Procedure. (1) On appeal, the State argues that the trial court lacked the authority to dismiss
its case against Berlanga without the prosecutor's consent. 

 No general authority, written or unwritten, inherent or implied, permits a trial court
to dismiss a criminal case without the prosecutor's consent. (2) Indeed, unless the State
requests a dismissal, the trial court can dismiss only in limited circumstances, including the
denial of a speedy trial, defects in the charging instrument, or when the State detains the
defendant and does not properly present a charging instrument. (3) The trial court can also
dismiss when constitutional concerns arise, in which a defendant suffers demonstrable
prejudice, or a substantial threat therefor, and where the trial court is unable to identify and
neutralize the taint by other means. (4) These rules apply equally to a case dismissed without
prejudice, as they would to a case dismissed with prejudice. (5)

 In the instant case, there is no exception applicable here that would have authorized
the trial court to dismiss the case without the prosecutor's consent. (6) Accordingly, the trial
court lacked the authority to dismiss the indictment against Berlanga.

Conclusion

 Having concluded that the trial court was without authority to dismiss the indictment
against Berlanga, we sustain the State's sole issue, reverse the judgment of the trial court,
and remand for proceedings consistent with this opinion.


 

 LINDA REYNA YAÑEZ,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 13th day of August, 2009.

1. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2008).
2. State v. Johnson, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991).
3. Id. at 612 n.2.
4. State v. Terrazas, 962 S.W.2d 38, 41 (Tex. Crim. App. 1998).
5. State v. Plambeck, 182 S.W.3d 365, 369-70 (Tex. Crim. App. 2005).
6. Berlanga's appellate counsel concedes as much in his brief.