

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00277-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

MARGOT VASQUEZ, APPELLEE

On Appeal from the County Court at Law No. 9
Bexar County, Texas[1]
Trial Court No. CC703808, Honorable Gloria Saldana, Presiding

December 20, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellee, Margot Vasquez, was charged by information with assault.[2]  After the trial court granted Appellee's motion to dismiss the action, the State appealed.  We reverse and remand.

---

[1] This case was transferred to this Court from the Fourth Court of Appeals pursuant to the Supreme Court's docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor's case law.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.01(a)(1).

BACKGROUND

The information was filed on March 21, 2023, and set for trial. On June 5, the parties appeared for the jury trial setting. Before trial, counsel for Appellee presented her motion in limine. The motion sought, among other things, to exclude:

> all statements made by Shirley Barr[3] to any individual as such statements are a violation of [Appellee's] 6th amendment right to confrontation and [Appellee's] 14th amendment right to Due Process. This includes any statements made on any recording: 911, body worn cam and dash cam as well as statements made to any officer, medical personell [sic] or lay witness.

The trial court granted Appellee's motion in limine, saying, "so basically I am denying the ability of anyone to come in in place of the complaining witness to – to say anything about this."

The State asked if the police officers would be allowed to testify under the trial court's ruling. The trial court expressed a concern about hearsay and then stated:

> I just don't see why we need to have somebody come in here and testify in favor of the complaining witness. She can do that herself, and if she is not willing to do it herself, then I don't think you can do it – nobody else can do it because, I mean, she is not going to be asked questions by the defendant. I mean, basically it is taking away the right to confrontation, and that is a very important right. I mean, jury trials are really very strict.

Appellee's counsel subsequently made an oral motion to dismiss for lack of evidence, arguing that the State could not prove its case without the complaining witness. The State responded that it was still able to establish all the elements of the crime and

---

[3] Shirley Barr is the complaining witness in the case. The parties informed the trial court that Barr would not be testifying at trial. The State indicated its intent to present testimony from two police officers who responded to the incident and from Barr's thirteen-year-old child. The State also intended to introduce a videotape and photographs.

asked the trial court not to dismiss the case. The trial court stated, "[I]t is a waste of the Court's time, and I don't want to do anything to undermine the Constitution." After noting that she had viewed the video evidence the State intended to introduce, the trial court continued, "I have a lot of experience in court proceedings, and I feel like I can discern a lot that the average person who is not even a lawyer would not be able to discern. So I do not want to take a chance, and it is too bad if somebody's disappointed. . . . And I'm going to grant this dismissal."

After the hearing, Appellee filed a written motion to dismiss, which requested dismissal of the action for the stated reason of "Missing Witness AND VIOLATION OF 6TH Ammendment/Crawford [sic]." The trial court granted Appellee's motion, dismissing the cause with prejudice. No findings of fact or conclusions of law appear in the record.

## ANALYSIS

In a single issue on appeal, the State argues that the trial court abused its discretion by dismissing the cause without the State's consent. We apply a bifurcated standard when reviewing the dismissal of an indictment. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). While we give "almost total deference to a trial court's findings of facts that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness," we apply "a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations." *Id.*

"Generally speaking, a court's authority to act is limited to those actions authorized by constitution, statute, or common law." *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.

3

Crim. App. 1991) (en banc). The Texas Constitution does not confer upon the trial court the general ability to maintain its docket by causing or preventing the dismissal of prosecutions. *State v. Williams*, 938 S.W.2d 456, 459 (Tex. Crim. App. 1997). Thus, a trial court may not ordinarily act on its own to dismiss a prosecution. *Johnson*, 821 S.W.2d at 613 ("there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent"); *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003) ("It is well established that there is no general authority that permits a trial court to dismiss a case without the prosecutor's consent.").

The few exceptions to this general rule include when a defendant was denied a speedy trial, when the charging instrument is defective, when a defendant was detained and no charging instrument was properly presented, and when a defendant was denied his constitutional rights. *Mungia*, 119 S.W.3d at 816 (citing *Johnson*, 821 S.W.2d at 612 n.2). Where there is no constitutional violation, or where a defendant's rights were violated but dismissal of the indictment is not necessary to neutralize the taint of an unconstitutional action, the trial court abuses its discretion in dismissing the charging instrument without the consent of the State. *State v. Terrazas*, 962 S.W.2d 38, 42 (Tex. Crim. App. 1998) (en banc).

Here, the trial court granted Appellee's motion to dismiss without the State's consent based on a "missing witness" and an alleged violation of the Sixth Amendment right to confrontation. Appellee relies on *State v. Frye*, 897 S.W.2d 324, 325 (Tex. Crim. App. 1995) (en banc), as authority supporting the instant dismissal on Sixth Amendment grounds. However, *Frye* involved prosecutorial misconduct which violated the

4

defendant's Sixth Amendment right to counsel and harm that could not be remedied by the suppression of evidence; it did not implicate the Confrontation Clause. *Id.* at 330. The concerns presented in *Frye* are not present here.

Appellee sought dismissal based on the hypothetical possibility of a Confrontation Clause violation, a wholly theoretical complaint. Given that no trial occurred and no testimony was presented, no actual violation occurred. Moreover, an accused is not denied her right to confront and cross-examine a witness against her if the complaining witness does not testify at trial. *Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974). It is well-established that the State does not have to call any particular witness to prove its case, and the "State has a right to prove its case in any way it may see fit under proper rules and regulations, and a defendant cannot direct either the method or manner of proof." *Shelvin v. State*, 884 S.W.2d 874, 877 (Tex. App.—Austin 1994, pet. ref'd).

We find no authority supporting the trial court's dismissal of this case on the circumstances presented here. Accordingly, we sustain the State's sole issue.

### CONCLUSION

We reverse the trial court's order dismissing this cause and remand for proceedings consistent with this opinion.

Judy C. Parker
Justice

Do not publish.

5