Carlos Ray **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 998–82.

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.

William H. Jouette (court appointed on appeal only), McKinney, for appellant.

Tom O'Connell, Former Dist. Atty., David K. Haynes, Asst. Dist. Atty., H. Ownby, Present Dist. Atty. and Randall Blake, Asst. Dist. Atty., McKinney, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appeal was taken from a conviction for rape of a child. After the jury's guilty verdict, the court assessed punishment at ten (10) years' imprisonment.

On appeal the conviction was affirmed in an unpublished per curiam opinion by the Dallas Court of Appeals. *Williams v. State* (No. 05–81–0098–CR, 10/29/81). Appellant filed a petition for discretionary review alleging, inter alia, that the Court of Appeals had not correctly disposed of his contention concerning improper jury argument. Appellant argues that the prosecutor went outside the record in his jury argument when the prosecutor stated the prosecutrix had been manipulated into signing an affidavit of non-prosecution. In affirming the conviction, the Court of Appeals found the argument was a reasonable deduction from the evidence. We granted appellant's petition only to consider the jury argument question.

The 16-year-old prosecutrix testified she was 15 years old at the time of the alleged offense, and that the appellant was the father of her four-month-old son. During December, 1979 she had been visiting at her aunt's house in Plano. As she left her aunt's house appellant, a distant cousin who lived next door, grabbed her and took her into his house where two acts of sexual intercourse occurred. She did not report the incident until several months later when the doctor told her she was pregnant.

On cross-examination, appellant's counsel established he had talked with the prosecutrix many times. He had her identify an affidavit of non-prosecution which she and her mother signed. It was introduced into evidence over objection. She stated she had signed it voluntarily. The affidavit, dated less than a month before the trial on the merits [1] and several months after the indict-

ment, stated the prosecutrix and her mother did not wish to prosecute and did not wish to testify.

The prosecutrix's mother, a defense witness, testified she had talked with appellant's counsel from time to time. She signed the non-prosecution affidavit. She didn't want the appellant to go to jail.

There was other evidence that appellant's mother had brought the baby diapers, food and presents.

In his summation to the jury, appellant's counsel argued that the prosecutrix and her mother had worked with him, "more so than most complaining witnesses work with defense lawyers" because they wanted the appellant released from the charge. He argued this was supported by the affidavit of non-prosecution.

The prosecutor in his argument referred to the defense argument and argued that equal justice did not mean doing what appellant's counsel thinks should be done, but meant proceeding under the laws enacted by the Legislature. The record then reflects:

"Now if you think that it is right, and if you think that it is just for Carlos Williams to escape the consequences of his actions because his lawyer, or whoever, manipulated this young girl into justifying this and giving us an Affidavit of Non Prosecution . . .

"MR. WEAVER (Appellant's Counsel): Objection to that. That document was duly tendered voluntarily as testimony to this. There is no manipulation at all in the case. No evidence of that.

"THE COURT: What is your objection, sir?

"MR. WEAVER: I object to pointing out to something that is not in the record, and I ask that it be stricken.

"THE COURT: I will overrule the objection. You may proceed."

It is appellant's contention that the prosecutor went out of record in stating the prosecutrix had been manipulated into signing the affidavit. The affidavit had been introduced by the appellant over objection, cf. *Rummel v. State,* 509 S.W.2d 630, 633, 634 (Tex.Cr.App.1974), so it was in evidence and the proper subject of comment. The appellant does not complain of reference to the affidavit, only to the deduction that it was manipulated. We conclude under the

1. The affidavit was signed four days prior to the pre-trial hearings.

circumstances the complained of argument was a reasonable deduction from the evidence and was not an improper argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr. App.1973).

The judgment of the Court of Appeals is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority opinion's conclusion that the complained of argument was a reasonable deduction from the evidence. The majority opinion does not set out any evidence from the trial of this case that would support a reasonable deduction that the prosecutrix had been manipulated into signing the affidavit. Is the majority relying on evidence that appellant's mother brought food and other things for her own grandchild? Is the majority relying on testimony that the prosecutrix and her mother talked to counsel because they wanted appellant released? These do not show manipulation. If there is other evidence upon which the jury argument could be based, the majority should set it out in the opinion.

The trial court overruled the objection to the improper jury argument. If the objection had been sustained and the jury instructed to disregard I could concur in the result, but appellant's objection was overruled. The judgment should be reversed.

CLINTON, TEAGUE and MILLER, JJ., join this dissent.