**The STATE of Texas**

v.

**Michael Kent PLAMBECK, Appellee.**

**Nos. PD–0376–05, PD–0377–05.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 2005.

Charles A. Banker, III, McAllen, for Appellant.

Sommer L. Hoffman, Asst. Crim. D.A., Edinburg, Matthew Paul, State's Attorney, Austin, for the State.

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

The question we confront today is whether the trial court has general authority to dismiss an indictment without prejudice in the absence of the State's consent. The answer to that question is "no." Consequently, we reverse the judgment of the court of appeals.

## I. BACKGROUND

This case involved three sets of indictments charging appellee with barratry and conspiracy to commit barratry. The first set of indictments was obtained from grand jury proceedings in which a Texas Ranger was allowed to question witnesses extensively, in violation of Texas Code of Criminal Procedure, Article 20.04.[1]

These indictments were voluntarily dismissed by the State after it obtained a second set of indictments for the crimes. During the proceedings leading to the second set of indictments, however, the prosecutor read testimony from transcripts of statements made to the Texas Ranger by several witnesses. The State voluntarily dismissed the second set of indictments after obtaining a third set of indictments for the offenses. The third set of indictments described the earlier indictments for purposes of tolling the statute of limitations.

Appellee filed a motion to dismiss the indictments and a pretrial application for a writ of habeas corpus. In the motion to dismiss, appellee contended that the third set of indictments came "after the State voluntarily dismissed a previous indictment for improper Grand Jury procedures" involving the questioning of grand jurors by an unauthorized person. Although the motion did not allege that the improper questioning occurred during proceedings leading to the third set of indictments or in any way impacted those proceedings, it requested a dismissal of the third set of indictments on the basis of "defects of form outlined above." The habeas application alleged that prosecution for the offenses outlined in the third set of indictments was barred by limitations.

The trial court granted relief on the habeas application and granted the motion to dismiss, and the State appealed both decisions. With regard to the habeas application, the State argued that the first and second sets of indictments tolled the statute of limitations. With regard to the motion to dismiss, the State conceded that it erred in allowing the Texas Ranger to question witnesses, but argued that dis-

---

1. Article 20.04 provides in relevant part, "No person other than the attorney representing the State or a grand juror may question a witness before the grand jury."

missal was unwarranted because no constitutional right was violated and dismissal was not necessary to cure the error. In connection with its contentions regarding the motion to dismiss, the State first observed that dismissal with prejudice was an extraordinary and drastic remedy that is rarely imposed, and the State contended that the trial court's action amounted to a dismissal with prejudice because the statute of limitations had run. The State then argued that "a trial court has no general authority, written or unwritten, inherent or implied, permitting it to dismiss a case without the State's consent." In support of this argument the State cited *State v. Johnson*[2] and several other cases.[3]

■ The court of appeals decided that "[a] preliminary issue" to be addressed was "whether the trial court dismissed the indictment with [or] without prejudice."[4] The court of appeals found that the dismissal was without prejudice because the first and second sets of indictments tolled the statute of limitations.[5] Citing the appellate rules' requirements for briefing arguments, the court of appeals then found

that the State had failed to direct it to any legal authority that would require the court to reverse a dismissal made without prejudice.[6] The court of appeals contended that "[E]very case cited by the State in support of this argument is one in which the trial court erroneously dismissed the indictment with prejudice and was reversed ... or the trial court had not dismissed the indictment at all, despite a motion to do so by the defendant."[7] But the court of appeals's opinion did not cite or discuss *Johnson*. Further, relying upon estoppel cases, the appellate court faulted the State for allowing the statute of limitations to expire by not attempting to cure the Article 20.04 violation by seeking another (fourth) set of indictments.[8] As a result of its "without prejudice" holding, the court of appeals did not address specifically whether the Article 20.04 violation that occurred in proceedings leading to the first set of indictments was a valid basis for dismissing the third set of indictments.[9] In addition, the court of appeals declined to address the merits of the habeas appeal.[10]

**2.** 821 S.W.2d 609 (Tex.Crim.App.1991).

**3.** The State then made other arguments in its brief that are not relevant to this opinion.

**4.** *State v. Plambeck,* Nos. 13–02–492–CR, and 13–02–493–CR, slip op. at 3, 2004 WL 3591148 (Tex.App.-Corpus Christi, December 2, 2004)(not designated for publication).

**5.** *Id.* at 4.

**6.** *Id.* at 5 (citing Tex.R.App. P. 38.1(h)).

**7.** *Id.* at 4–5.

**8.** *Id.* at 5 (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex.Crim.App.1999) regarding "the law of invited error" and *Gonzalez v. State*, 115 S.W.3d 278, 286 (Tex.App.-Corpus Christi 2003, pet. ref'd) for the proposition that a

party "should not be allowed to create [a] problem at [the] trial level, [and] then complain on appeal of self-induced error").

**9.** *Id.*

**10.** The dissent argues that this petition should be dismissed because the State did not complain to this Court that the court of appeals failed to address Issue One of the State's claims on appeal. But the court of appeals did not fail to address the claim—the court held that it was unnecessary to address the claim. This is not like the cases in which the intermediate court skips an issue raised by a party, in which event we require the party to complain of the court's negligence. A court is not required to address issues that become moot because of the resolution of other issues, and the State had no legitimate complaint to raise regarding the manner in which the court of appeals disposed of Issue One. *See,*

The State filed a motion for rehearing. In its second ground for rehearing the State took issue with the court of appeals's holding that the trial court's authority to dismiss an indictment without the State's consent turned upon whether that dismissal was with prejudice:

> The State has argued, and provided abundant supporting case law, that a trial court has no authority to dismiss an indictment *without the State's consent* except in few well-defined instances that were not applicable in this case. *See, e.g., Johnson v. State* [sic], 821 S.W.2d 609, 612–613 (Tex.Crim.App.1991); State's Brief, pp. 17–32. The definitive issue is whether the trial court had authority to dismiss the indictment over the State's objection, not whether the dismissal was with or without prejudice.

(Emphasis in original). The State's motion for rehearing was denied.

The State subsequently filed a petition for discretionary review, presenting the following ground: "Is article 44.01(a)(1) of the Code of Criminal Procedure, which authorizes the State to appeal an order that 'dismisses an indictment,' limited to dismissal orders that are specifically designated as being 'with prejudice?'" In support of its position, the State discussed our decision in *State v. Moreno*,[11] including the following passage concerning when a prosecution is terminated for the purpose of determining the State's right to appeal: "whenever the effect of the [trial court's] order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order."[12] We granted review.

e.g., *Hull v. State*, 67 S.W.3d 215, 217 n. 3 (Tex.Crim.App.2002).

11. 807 S.W.2d 327 (Tex.Crim.App.1991).

12. *Id.* at 334.

## II. ANALYSIS

■ The State characterizes the court of appeals's holding as being "essentially" that the State does not have the right to appeal a dismissal without prejudice under Article 44.01. It's argument is that, under the court's reasoning, a trial court's decision to dismiss a charging instrument without prejudice can never be reversed on appeal. Its right to appeal that decision under Article 44.01 being an empty right, says the State, there is no right to appeal. This overstates the effect of the court's holding, but not by much. The State still has a right to appeal under those circumstances, but that right is necessarily ineffective.

The State's underlying complaint to this Court is that the court of appeals erred in failing to address its claim. We agree with the State's basic complaint that the court of appeals erred in finding the nature of the dismissal (with or without prejudice) to be dispositive, and in therefore failing to address the merits of the State's claim on appeal.[13]

*Johnson* held that "there is no general authority, written or unwritten, inherent or implied, which would permit a trial court to dismiss a case without the prosecutor's consent."[14] Nothing in *Johnson* restricts that pronouncement to dismissals with prejudice. To the contrary, the facts of *Johnson* suggest that there is no such restriction.

In that case, the defendant was charged by information with driving while intoxicated (DWI) in County Court at Law

13. We express no opinion on whether the dismissal in this case was in fact "without prejudice." We simply assume it for the sake of this discussion.

14. 821 S.W.2d at 613.

Number One.[15] The prosecutor failed to appear in court on the date of trial, and, pursuant to the defendant's motion, the trial judge dismissed the charge.[16] Later that day, the State filed a new information, alleging the same DWI charge, in County Court at Law Number *Two*, a court that had concurrent jurisdiction.[17] The defendant then filed a motion to dismiss this second information.[18] The trial judge granted the motion on the ground that "the State's decision not to appeal the first dismissal implied its acquiescence to that first dismissal, so the State could not continue its prosecution against [the defendant] by simply filing the same charge in another court."[19] The preceding statement—that the State could not continue its prosecution—necessarily means that this dismissal was with prejudice. The State then appealed the second dismissal.[20] The court of appeals held that the second dismissal was improper because the trial court had no authority to dismiss the case without the State's consent, and that jurisdiction was proper in the County Court at Law Number Two because the dismissal of the case in the County Court at Law Number One amounted to a surrender of jurisdiction over the case.[21] We held that the County Court at Law Number *One* lacked the authority to dismiss the information when the State's attorney failed to appear and, as a result, did not effectively waive jurisdiction over the case.[22] We then vacated the court of appeals's judgment and remanded with instructions to direct the County Court at Law Number Two to transfer the case to the County Court at

Law Number One for further proceedings consistent with our opinion.[23]

■ Our opinion did not say whether the County Court at Law Number One's dismissal of the information was with or without prejudice, but a prosecutor's failure to show up for court is not the type of circumstance that would warrant a "with prejudice" dismissal. And the State apparently did not perceive the first dismissal as being with prejudice since a second information was filed. Also, the court of appeals may have been operating under the assumption, consistent with the court of appeals's holding in the present case, that the prohibition against dismissals without the State's consent extended only to dismissals with prejudice. Such an assumption would explain reversing the dismissal with prejudice by the County Court at Law Number Two, while at the same time holding that the County Court at Law Number One relinquished jurisdiction—its dismissal being without prejudice. But this Court repudiated that type of reasoning by directing that the prosecution proceed in the County Court at Law Number One. In any event, *Johnson*'s silence on the "with or without prejudice" nature of the dismissal suggests that it was irrelevant to our holding regarding the trial court's authority on the matter. The trial court simply had no general authority to dismiss the case without the prosecutor's consent, and the circumstances presented (the prosecutor's failure to appear) did not confer any specific authority to do so.

15. *Id.* at 610.

16. *Id.*

17. *Id.*

18. *Id.*

19. *Id.* at 610–611.

20. *Id.* at 611.

21. *Id.*

22. *Id.* at 613–614.

23. *Id.* at 614.

We therefore disagree with the court of appeals's implicit conclusion that a trial court has unfettered discretion to dismiss a prosecution without prejudice. And to the extent the court of appeals suggested that the State failed to comply with briefing requirements by failing to direct that court to authority on the issue now before us, we disagree, since *Johnson* was prominently cited in support of the State's position in the State's brief on original submission.

■ Moreover, the appellate court erred in holding that the State was obligated to cure error, by seeking another indictment, in order to challenge the specifics of the trial court's ruling on appeal. As we pointed out in *Moreno,* the State is entitled to stand on its charging instrument and appeal a trial court's adverse ruling dismissing the same, even if amendment is possible.[24] Relying upon *Moreno,* we later held in *State v. Young* that appeal was permitted where the challenge to the charging instrument was based on a defect in the grand jury proceedings.[25] It would seem pointless for the State to have the right to appeal dismissals without prejudice for a defect in grand jury proceedings (as recognized in *Young* ) if the State could never obtain relief because it would always be obligated to attempt to cure error by obtaining another indictment.

More importantly, requiring the State to effect such a cure runs contrary to the reason for restricting the trial court's authority to dismiss prosecutions: the prosecutor's office is the entity primarily responsible for controlling the prosecution's progress.[26] Requiring the prosecutor to seek a new charging instrument whenever the prosecution is dismissed without prejudice would essentially subject the charging process to the control of the trial judge. Where the dismissal was based on an event occurring in the grand jury proceedings, further grand jury proceedings—including, possibly, the impaneling of a new grand jury—would be required. If the trial judge were dissatisfied in any way with the grand jury proceedings (or, for that matter, any other pretrial proceedings) then the use or threat of a dismissal without prejudice could be effectively employed to force the prosecutor to conform the charging process (or other proceedings) to the trial court's will, even if the trial court's concerns were without merit. Appellate review of the trial court's reasons for dismissal is essential to maintaining the independence of the prosecuting authority.

■ The court of appeals's estoppel concerns are without foundation because those concerns erroneously assume that the State has somehow created a problem by not procuring a new indictment. In a given case, the trial court's basis for dismissal may well be due to a problem created by the prosecutor. But that is an appellate issue that turns upon whether the prosecutor did in fact create a problem and whether dismissal was a proper response to that problem. Failing to procure a second charging instrument to cure what the trial court believes is a problem is not itself a State-created problem that would justify invoking the doctrine of estoppel. Rather, it is the State's right to

---

**24.** 807 S.W.2d at 333–334.

**25.** 810 S.W.2d 221, 222–224 (Tex.Crim.App. 1991)(State could appeal where trial court's dismissed indictments on the ground that the grand jury had been discharged before the indictments were returned).

**26.** *See Meshell v. State,* 739 S.W.2d 246, 252–258 (Tex.Crim.App.1987)(Speedy Trial Act violated separation of powers by infringing on prosecutorial discretion).

stand on its charging instrument and have an appellate court pass on whether the trial court's reasons for dismissal were sufficient.

The judgment of the court of appeals is reversed and the case is remanded for further proceedings consistent with this opinion.

JOHNSON, J., delivered a dissenting opinion in which MEYERS, PRICE, and WOMACK, JJ., joined.

The state alleged that appellee committed barratry and conspiracy to commit barratry. The alleged acts occurred on September 30, 1997 (conspiracy), and in March and December of 1998 (barratry). The first sets of indictments were returned on March 21, 2000 (barratry; 7 counts), and April 18, 2000 (conspiracy; 2 counts), approximately five and a half months before the statute of limitations on the earliest alleged offense expired, three years after that alleged offense.[1] Two subsequent sets of indictments were returned on December 19, 2001, and April 30, 2002. The statute of limitations was tolled during the pendency of those indictments.[2]

After the third set of indictments was returned, appellee moved to dismiss those indictments and also filed a pretrial application for a writ of habeas corpus that asserted that the third set of indictments was barred by limitations. The trial court dismissed the third set of indictments over the state's objection and granted both the writ and the relief appellee had requested, that is, dismissal of the indictments for failure to present them within the three-year statute of limitations.[3] The state appealed and raised two issues.

Issue One: The trial court erred in granting appellee's pretrial writ of habeas corpus on limitations grounds because the limitations period was tolled by the pendency of continuous indictments charging offenses under the same penal statute.

Issue Two: The trial court erred in dismissing the indictments on grounds of "improper grand jury proceeding" because (1) appellee failed to meet his burden of proving that the state's error in allowing an investigator to question grand jury witnesses violated some constitutional right, and (2) appellee failed to meet his burden of proving that dismissal of the indictments was necessary to cure the error.

---

1. TEXAS CODE OF CRIM. PROC. Art. 12.01(5)(1997)("felony indictments may be presented within these limits, and not afterward: . . . (5) three years from the date of the commission of the offense: all other felonies"); TEXAS CODE OF CRIM. PROC. Art. 12.03(b)(1997)("The limitations period for criminal conspiracy . . . is the same as that of the most serious offense that is the object of the conspiracy. . . . ").

2. TEXAS CODE OF CRIM. PROC. Art. 12.05(b),(c)(1997)("(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.") The statute does not speak directly as to whether the statute is tolled during an appeal. ("(c) The term 'during the pendency,' as used herein, means that period

of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.").

3. Although the parties and courts in this cause appear to confuse "granting the writ," i.e., holding a hearing, and "granting relief," it is clear that the trial court granted both the writ and relief. The trial court held a full hearing and heard extensive arguments by both sides before signing an order granting "Defendant's Application for Writ of Habeas Corpus Seeking Release Because of Expiration of Limitation Period" and ordering that appellee be released from further restraint and the indictment dismissed.

The court of appeals affirmed the judgment of the trial court on Issue Two but did not address Issue One, thereby leaving in force the trial court's (perhaps erroneous) finding that further prosecution of appellee for the charged offenses was barred because the limitation period had expired. The state petitioned this Court for review on a single ground that challenged the court of appeals's decision on the motion to dismiss; it did not appeal the failure of the court of appeals to "address[ ] every issue raised and necessary to final disposition of the appeal." TEX. RULE APP. PROC. 47.1.

The court of appeals stated that, because "our decision regarding the motion to dismiss the indictments is sufficient to determine the outcome of the case, we decline to address the State's remaining issue on appeal regarding the writ of habeas corpus as unnecessary and redundant." It was then incumbent upon the state to complain of that failure in its petition in this Court because, even if we held that the court of appeals erred and reversed its judgment, absent a successful challenge to the grant of habeas corpus relief, the state's position would not change; the court of appeals did not undo the relief granted to appellee by way of his writ of habeas corpus, and further prosecution is still barred.

I believe that this cause should be dismissed as improvidently granted. Because the majority does not do so, I respectfully dissent.