NUMBER 13-05-718-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

STEVEN CHARLES JONES,                                        Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 228th
District Court

                            of Harris
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

          Before Chief Justice Valdez and Justices Yañez
and Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant, Steven Charles Jones, appeals from a post‑conviction
denial of his motion for DNA testing pursuant to article 64.01 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2005).  We affirm.

I.  Background








A jury convicted Jones of possession with intent to
deliver cocaine, and the trial court assessed punishment at thirty years'
imprisonment.  He appealed, and this
Court affirmed the judgment of the trial court in Jones v. State, No. 13‑99‑412‑CR,
2000 Tex. App. LEXIS 5991 (Tex. App.BCorpus Christi Aug. 31, 2000) (not designated for
publication).  On May 28, 2003, Jones
filed an affidavit alleging that he was tried with "someone else's
evidence."[2]  On August 5, 2003, Jones filed a letter
requesting the convicting court to order testing of the crack and powder
cocaine admitted in evidence at his trial because "something is wrong with
the evidence."  He asserted that the
weights and types of cocaine differed in his first and second trials.[3]  He added that such testing would show that
the drugs admitted in evidence were not the drugs alleged to have been found at
or near the scene.  Apparently construing
the letter and affidavit as a motion for forensic DNA testing,[4]
the convicting court appointed counsel to represent Jones for purposes of his
motion.[5]









The State filed a motion to deny DNA testing,
asserting that the only available evidence pertaining to Jones's case did not
contain any biological material for DNA testing.  The State maintained that Jones could not show
that (a) evidence existed that was in a condition making DNA testing possible,
(b) identity was an issue, or (c) Jones would not have been convicted if
exculpatory results were obtained through DNA testing.  The State attached three affidavits to its motion.  The first affidavit from the exhibits clerk
with the Harris County District Clerk's Office shows that the office possesses
some evidence pertaining to Jones's trial court case.[6]  The second affidavit from the property and
evidence custodian of the Houston Police Department ("HPD") indicates
that the records of the property room do not reflect that property or evidence
pertaining to Jones's case is in the possession of the HPD property room.  The third affidavit from the evidence and
records custodian of the HPD crime laboratory shows the crime laboratory
possesses some evidence pertaining to Jones's case.[7]  

It appears that the convicting court convened a
hearing but the parties waived a record of the proceedings.  Jones filed written objections to the
proceedings and the evidence.  He
objected to the trial court deciding the matter based on affidavits.  He objected that he was denied the right
under the federal and state constitutions to appear at the hearing and to
cross-examine and confront the witnesses. 
He further objected that the affidavits constituted inadmissible
hearsay.  In the same document, Jones
requested, in part, that "the record reflect that all issues of fact will
be resolved on the basis of affidavits filed with the Court."  By written order, the convicting court denied
his objections.  The convicting court
entered findings of fact, conclusions of law, and an order denying Jones's
motion for forensic DNA testing.  In
pertinent part, the trial court found that Jones was not entitled to forensic
DNA testing because he failed to demonstrate that (1) any biological evidence
exists and is in a condition making DNA testing possible and (2) identity is an
issue.  This appeal ensued.  








Jones presents six points of error.[8]  The State essentially responds that Jones did
not carry his burden to prove that the results of the testing could constitute
affirmative evidence of his innocence, arguing that the record shows that
identity was not an issue in Jones's trial. 
The State asserts that Jones is not entitled to be present or to
confront or cross-examine witnesses at a hearing.  Further, the State asserts that the
convicting court is not bound by evidentiary rules in an article 64
hearing.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2005). 

II.  Forensic
Testing

A.  Article
64.03








A convicting court may order forensic DNA testing of
evidence containing biological material only if:  (1) the court finds that the evidence still
exists, is in a condition making DNA testing possible, and has been subjected
to a chain of custody sufficient to establish that it has not been substituted,
tampered with, replaced, or altered in any material respect; (2) identity was
or is an issue in the case; (3) the convicted person establishes by a
preponderance of the evidence that a reasonable probability exists he would not
have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing; and (4) the request for the proposed DNA testing is not
made to unreasonably delay the execution of sentence or the administration of
justice.  See Tex. Code Crim. Proc. Ann. art.
64.03(a) (Vernon Supp. 2005).  To be
entitled to post‑conviction DNA testing under chapter 64, Jones had the
burden to establish by a preponderance of the evidence that he would not have
been convicted if exculpatory results had been obtained through DNA
testing.  See id. art.
64.03(a)(2)(A); Wilson v. State, 185 S.W.3d 481, 484 (Tex. Crim. App.
2006) (en banc) (citing Smith v. State, 165 S.W.3d 361, 363‑64
(Tex. Crim. App. 2005)).  Jones must also
show that identity was or is an issue in the case.  See Tex.
Code Crim. Proc. Ann. art.
64.03(a)(1)(B) (Vernon Supp. 2005).  

B.  Standard
of Review

In an appeal of a post‑conviction DNA
proceeding under chapter 64, we apply a bifurcated standard of review.  Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  We afford almost
total deference to the convicting court's determination of issues of historical
fact and application‑of‑law‑to‑fact issues that turn on
credibility and demeanor.  Id.  We review de novo other application‑of‑law‑to‑fact
issues.  Id.  "The ultimate question of whether a
reasonable probability exists that exculpatory DNA tests would prove innocence
is an application‑of‑law‑to‑fact question that does not
turn on credibility and demeanor and is therefore reviewed de novo."  Skinner v. State, 122 S.W.3d 808, 813
(Tex. Crim. App. 2003) (quoting Rivera, 89 S.W.3d at 59).

C.  Discussion

By his sixth point of error, Jones maintains that
the trial court erred in denying his motion because the State failed to carry
its initial burden to prove that biological materials or evidence no longer
exist.  The State essentially responds
that Jones bore the burden to prove he was entitled to DNA testing, and he did
not meet that burden. 








The purpose of a chapter 64 motion is to secure
forensic DNA testing of evidence that contains biological material.  See
Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2005).  In this case, Jones sought an investigation
concerning the differences in the weights and types of cocaine tendered as
evidence in his two trials.  His motion
does not request "DNA testing of evidence that contains biological
material."  The record does not
demonstrate that evidence that contains biological material was secured in
relation to the underlying offense.  See
id. art. 64.03(b).  Testing of
weights and types of cocaine is beyond the scope of chapter 64 because the
chapter does not authorize DNA testing of non-biological material.  Id. 
Even assuming he sought testing of biological material, he has not shown
that biological evidence exists.  See
id.  art. 64.03(a)(1)(A).  Jones has also not demonstrated that identity
is or was an issue.  See Wilson,
185 S.W.3d at 484.  

Chapter 64 authorizes the convicting court to order
only DNA testing and nothing more.  Wolfe
v. State, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003).  A convicting court is prohibited from
granting a convicted person's request for DNA testing unless the requirements
in article 64.03 are satisfied.  See
Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002).  Jones has not met the threshold requirements
for requesting forensic DNA testing of evidence containing biological
material.  See Tex. Code Crim. Proc. Ann. art.
64.03(a).  Consequently, our de novo
review leads us to conclude that the convicting court properly denied the
motion.  See Dinkins, 84 S.W.3d at
643.  Further, because Jones did not
present to the trial court a request for DNA testing of evidence that contains
biological material, he has presented nothing for review.  See Tex.
R. App. P. 33.1(a)(1)(A).  Jones
cannot request on appeal what he did not request below.  Id. 








We overrule Jones's sixth point of error.  Because the issue is dispositive, we need not
address Jones's remaining points of error as they are grounded in a pleading
not before the trial court.[9]  See State v. Plambeck, 182 S.W.3d 365,
367 (Tex. Crim. App. 2005) (en banc) ("A court is not required to address
issues that become moot because of the resolution of other issues.").[10]

III. 
Conclusion

Because we conclude that there is no threshold
pleading to support chapter 64 relief, we affirm the trial court's denial of
Jones's motion.  

 

ERRLINDA CASTILLO

Justice

Do
not publish.

Tex. R. App.
47.2(b)

 

Memorandum
Opinion delivered and filed this

the
13th day of July, 2006.  

 











[1] See Tex. R.
App. P. 47.1, 47.4.





[2] In his affidavit, Jones stated:

 

My name is STEVEN C. JONES; I was convicted with evidence that was
tainted by the Harris County Crime Lab (NOW UNDER INVESTIGATION) in that the
evidence submitted at the second trial of this cause was "NOT THE
SAME" as the submitted evidence at the first trial.  I was tried with someone else's
evidence.  I do have documented evidence
proving my allegations in that I possess the trial records of both trials.  These records clearly show that the evidence
produced by the state in this cause was DIFFERENT.  Said material was secured by law enforcement
in relation to the offense that is the basis of the above referenced
conviction.  Further, that material was
in the legal possession of the state and the Harris County Crime Lab during the
trial of this offense but was not subjected to scrutiny or objection by my
attorney in this [sic] cause of the second trial.  





[3] The first trial concluded with a
hung jury.  





[4] A convicted person may submit to
the convicting court a motion for forensic DNA testing of evidence containing
biological material.  Tex. Code Crim. Proc. Ann. art.
64.01(a) (Vernon Supp. 2005).  The motion
must be accompanied by an affidavit, sworn to by the convicted person,
containing statements of fact in support of the motion.  Id. 






[5] A convicted person is entitled to
counsel during a proceeding under chapter 64 of the code of criminal
procedure.  Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2005);
Lopez v. State, 114 S.W.3d 711, 717 (Tex. App.BCorpus Christi 2003, no pet.).





[6] The list of evidence includes
business records, medical records, a photo, a money list record, and a stipulation
of evidence.  





[7] The following evidence is
itemized:  one Ziploc containing two
syringes; one Ziploc containing two key holders and a pipe; one Ziploc
containing two Ziplocs, three glass tube pipes, and six wire wads; and one
Ziploc containing three syringes, two Ziplocs, and a glass tube pipe.  





[8] By six points of error, Jones
asserts that his federal and state constitutional rights were violated because
the trial court conducted a final hearing without his presence and relied on
inadmissible hearsay evidence.  Jones
also asserts that the trial court erred in denying his motion for DNA testing. 





[9] Jones's remaining points of error
are based on chapter 64 procedure.  He
maintains the trial court erred by (1) conducting the hearing in his absence,
(2) denying him the right to confront and cross-examine witnesses, and (3)
considering the affidavits admitted in evidence.  However, because he has not met the threshold
requirements for forensic DNA testing, an issue we consider dispositive, we
need not address his remaining points.  See Tex.
R. App. P. 33.1(a)(1)(A). 





[10] We observe that by his first
through fourth points of error, Jones complains he was denied the right to
appear and confront and cross-examine witnesses.  Article 64.03 does not require a hearing for
a convicting court to determine if the applicant is entitled to DNA
testing.  Rivera v. State, 89
S.W.3d 55, 58‑59 (Tex. Crim. App. 2002). 
By contrast, a convicting court must hold a hearing under article 64.04
after a convicted person has obtained DNA testing under article 64.03.  Id. at 59.  Even so, the record does not demonstrate that
Jones made an affirmative request to appear by filing a motion for a bench
warrant and that the motion was denied. 
Once more, he has not preserved error. 
See Tex. R. App. P.
33.1.  Further, by his fifth point of
error, Jones maintains that the trial court improperly considered the State's
three affidavits.  Because article 64.03
does not require a hearing under Rivera, Jones has not demonstrated harm
by the trial court's reliance on the affidavits before it.  See Tex.
R. App. P. 44.2.  Consequently,
even assuming chapter 64 applied, we would overrule Jones's remaining points of
error.