**Reversed and Remanded and Memorandum Opinion filed March 1, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00565-CR
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**OLIVER COURTNEY VAN HOESEN, Appellee**

**On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Cause No. 10-CCR-149217**

## MEMORANDUM OPINION

The trial court dismissed a case without the consent of the prosecutor. The issue we must decide is whether that dismissal was in error. We conclude it was.

Oliver Courtney Van Hoesen was charged by information with violating a protective order. Paragraph A of the information alleges that he communicated directly with the complainant in a threatening or harassing manner. Paragraph B alleges that he engaged in conduct directed toward the complainant that is likely to harass, annoy, alarm,

abuse, torment, or embarrass her. The complaint includes the affidavit of an investigating officer, who attested to the alleged conduct in greater detail. Neither the information nor the complaint included a copy of the protective order alleged to have been violated.

On the morning of trial, Van Hoesen announced ready and presented seven motions to the trial court: (1) Motion to Dismiss; (2) Motion to Set Aside the Information for Failure to Afford the Constitutional Right to a Speedy Trial; (3) Defendant's Request for Notice of State's Intention to Use Evidence of Extraneous Offenses at Trial; (4) Motion in Limine; (5) Defendant's Election as to Punishment; (6) Defendant's Second Motion in Limine; and (7) Motion to Quash and Exception to Substance of Information. Argument was heard only as to the motion to dismiss and the motion to quash. Van Hoesen argued that the case should be dismissed for two reasons: first, because the evidence was insufficient to continue prosecution of the offense; and second, because the complainant no longer wished to pursue charges. Van Hoesen also argued that the trial court should grant his motion to quash because the State did not identify which protective order he was charged with violating.

The trial court dismissed the case, citing the two reasons set forth in the motion to dismiss. No ruling was made as to any of the other motions presented. The State now appeals.

We apply a bifurcated standard of review when considering a trial court's decision to dismiss a case. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). We give almost total deference to a trial court's findings of fact that are supported by the record, as well as any mixed questions of law and fact that rely upon the credibility of witnesses. *Id.* If resolution of the case turns solely on questions of law or mixed questions that do not depend on credibility determinations, our review is de novo. *Id.*

A trial court has no inherent authority to dismiss a case without the consent of the prosecutor. *State v. Plambeck*, 182 S.W.3d 365, 366 (Tex. Crim. App. 2005); *Ex parte Seidel*, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001); *State v. Terrazas*, 962 S.W.2d 38, 40

2

(Tex. Crim. App. 1998). In limited circumstances, however, a court may dismiss a case without the prosecutor's consent, but only if so authorized by statute, common law, or constitution. *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). Such dismissals are permissible when a defendant has been denied the right to a speedy trial, when there is a defect in the charging instrument, or when a defendant is detained and no charging instrument is properly presented. *State v. Johnson*, 821 S.W.2d 609, 612 n.2 (Tex. Crim. App. 1991). A case may also be dismissed when a defendant's Sixth Amendment right to counsel has been violated. *State v. Frye*, 897 S.W.2d 324, 331 (Tex. Crim. App. 1995). Finally, the Court of Criminal Appeals has held that there may be other constitutional reasons not yet recognized that may also support a trial court's dismissal of a case. *See Mungia*, 119 S.W.3d at 817.

None of the reasons just stated can justify the dismissal in the case before us now. Van Hoesen was not detained without a charging instrument, and he presented no claim to the trial court regarding his right to counsel. Van Hoesen filed a motion concerning his right to a speedy trial, but the trial court did not rule on that motion; argument was not heard as to that motion; and the motion itself was not included in our record on appeal. Van Hoesen also argued that the charging instrument was defective, but because he did not present his motion to quash until the day of trial, he waived any relief to which he may have been entitled. *See* Tex. Code Crim. Proc. Ann. art. 1.14 (West 2012) (stating that a defendant waives and forfeits the right to object to a defect in the information if the objection is not made before the date on which the trial on the merits commences); *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007).

Finally, Van Hoesen's motion to dismiss did not present the trial court with any constitutional, but previously unrecognized, reasons that would otherwise warrant a dismissal. The law is well-established that the trial court may not dismiss on a claim that the evidence is insufficient to continue prosecution of the case. *See State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (adopting dissenting opinion on rehearing);

3

*State v. Reyes*, 310 S.W.3d 62, 64 (Tex. App.—El Paso 2010, pet. ref'd); *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.); *Jackson v. State*, 110 S.W.3d 626, 630–31 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *State v. Habern*, 945 S.W.2d 225, 226 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Similarly, the decision to prosecute is made on behalf of the State by the district attorney, not the complainant. *See Rougeau v. State*, 738 S.W.2d 651, 657 n.2 (Tex. Crim. App. 1987), *overruled on other grounds by Harris v. State*, 784 S.W.2d 5 (Tex. Crim. App. 1989). Accordingly, the trial court may not dismiss simply because the complaining witness requested dismissal. *Jackson*, 110 S.W.3d at 630–31; *see also Williams v. State*, 652 S.W.2d 408, 409 (Tex. Crim. App. 1983) (involving case that proceeded to trial even where complaining witness had filed an affidavit of non-prosecution).

The reasons advanced by Van Hoesen in support of his motion to dismiss are not reasons recognized by statute, common law, or constitution. We therefore hold that the trial court lacked the authority to dismiss this case without the consent of the prosecutor.

The order of the trial court is reversed and the cause remanded for further proceedings.


/s/     Adele Hedges
        Chief Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).

4