NO. 07-11-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 22, 2012

_____


MARTIN PECINA HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE CRIMINAL DISTRICT COURT NO. 6 OF DALLAS COUNTY;
NO. F09-61549-X; HONORABLE DON METCALFE, JUDGE SITTING FOR THE
HONORABLE JEANINE HOWARD, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant pled guilty in open court to the second degree felony offense of

possession of a controlled substance, cocaine, in an amount of four grams or more but

less than two hundred grams[1] and was sentenced to sixteen and one-half years

_____

[1]*See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2010).

confinement.[2]   Appellant asserts that (1) the trial court erred by not withdrawing Appellant's guilty plea when there was insufficient evidence of criminal conduct; (2) there was legally insufficient evidence to find him guilty of criminal conduct; and (3) the trial court erred by informing the jury during *voir dire* that he had pled guilty and the trial court would later instruct the jury to find him guilty.  By cross-point, the State asks that we modify the judgment by striking "481.112 Health and Safety Code" from the judgment and substituting "481.115(d) Health and Safety Code" as the "Statute for Offense."  We modify the judgment and affirm the judgment as modified.

## BACKGROUND

In January 2010, a grand jury returned an indictment against Appellant alleging that, on or about November 21, 2009, Appellant unlawfully and knowingly possessed with intent to deliver a controlled substance, to-wit: cocaine, in an amount of four grams or more but less than two hundred grams, a first degree felony.[3]  The indictment also contained an enhancement paragraph alleging that Appellant had a prior conviction for the felony offense of manufacturing a controlled substance in June 2006.  On the State's motion, the trial court subsequently amended the indictment and struck the words "intent to deliver" and the enhancement paragraph, making the offense a second degree felony.[4]

---

[2]Following Appellant's plea of guilty this proceeding became a "unitary trial" to determine the remaining issue of punishment.  *See State v. Davis*, 349 S.W.3d 535, 538 (Tex.Crim.App. 2011).

[3]*See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010).

[4]*See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2010).

2

After Appellant pled guilty in open court to the indictment as amended, the State offered the testimony of Dallas City Police Officer David Crowley. Crowley testified that, on November 1, 2009, he observed a car stopped at a traffic light at 6:00 a.m. When the light changed to green, the car did not move. Officer Crowley pulled behind the car and sounded his air horn. There was no response. When he approached the car, he observed Appellant asleep with the front seat reclined. Officer Crowley rapped on the window and Appellant awoke sleepily and groggily. He appeared disoriented and, when Officer Crowley opened his car door, Appellant appeared intoxicated and smelled of alcoholic beverage. After getting out of the car, Appellant had difficulty walking at a steady balance. Officer Crowley placed Appellant under arrest for public intoxication and impounded Appellant's car. Prior to the car being towed, Officer Crowley performed an inventory search and discovered a plastic bag containing cocaine in the front passenger seat map case within a couple of inches from where Appellant's head was located with the front driver's seat reclined. The bag was in plain view, i.e., halfway in and halfway out of the map case pocket.

Written stipulations of evidence were admitted, without objection, wherein Appellant stipulated that the plastic bag contained eighteen blue zip lock bags containing 8.3 grams of 52 percent pure cocaine. Appellant also stipulated that, prior to the incident, he had four prior felony convictions for drug-related offenses between 2000 and 2006.[5]

---

[5]The four prior drug-related felony convictions were for unlawful delivery of a controlled substance, cocaine, in June 2006; unlawful possession with intent to deliver a controlled substance, cocaine, in November 2004; unlawful possession with intent to deliver a controlled substance, cocaine, in February 2003; and unlawful possession of a controlled substance, cocaine, in March 2000.

On cross-examination, Officer Crowley testified that, when he ran the car's registration, it did not come back to Appellant although the address where Appellant was living matched the address on the car's registration. Officer Crowley also testified that he did not have the plastic bag tested for fingerprints and the cocaine was not found in Appellant's personal belongings. Appellant did not testify and called no further witnesses.

Thereafter, the jury convicted Appellant for possession of a controlled substance, cocaine, in an amount of four grams but less than two hundred grams and sentenced him to sixteen and one-half years confinement. This appeal followed.[6]

### SUFFICIENCY OF THE EVIDENCE[7]

Appellant contends the State failed to provide sufficient proof of his guilt in support of his plea because there was no evidence he owned the car or that his fingerprints were on the plastic bag. We disagree.

Where a defendant knowingly, intelligently, and voluntarily pleads guilty or *nolo contendere* to a felony, the appellate standards of review for evidentiary sufficiency do not apply. *Ex parte Martin,* 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); *O'Brien v. State,* 154 S.W.3d 908, 910 (Tex.App.—Dallas 2005, no pet.). Although the State must introduce evidence into the record establishing the defendant's guilt; *see* Tex. Code

---

[6]Originally appealed to the 5th Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (West 2005). We are unaware of any conflict between precedent of the 5th Court of Appeals and that of this Court on any relevant issue. *See* Tex. R. App. P. 41.3.

[7]Logic dictates that we consider Appellant's second point of error first. *See Clark v. Jenkins,* 248 S.W.3d 418, 427 (Tex.App.—Amarillo 2008, pet. denied), *cert. denied,* ___ U.S. ___. 103 S.Ct. 52, 175 L.Ed.2d 21 (2009).

Crim. Proc. Ann. art. 1.15 (West 2005), there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *McGill v. State,* 200 S.W.3d 325, 330 (Tex.App.—Dallas 2006, no pet.). Rather, the supporting evidence must simply embrace each essential element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App. 1996); *McGill,* 200 S.W.3d at 330.[8]

A person commits the offense of possession of a controlled substance if he or she knowingly or intentionally possesses it. Tex. Health & Safety Code Ann. § 481.115(a) (West 2010). The State must prove the accused exercised actual care, custody, control, and management over the contraband and that he knew the substance he possessed was contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). These elements may be established by circumstantial evidence. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). When the accused is not in exclusive possession or control of the place where the contraband is found, the State must prove independent facts and circumstances linking him to the contraband—the evidence must establish the accused's connection with the contraband was more than just fortuitous. *Brown*, 911 S.W.2d at 747.

Here, Appellant was in exclusive possession of the automobile where the cocaine was found. He was the driver and only occupant. He was also asleep in a car stopped in a traffic lane in "park," his seat was reclined and his head was only inches

---

[8]"A deficiency of one form of proof—say, a deficient written stipulation of evidence (as we have in this case) or written judicial confession—may be compensated for by other competent evidence in the record." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex.Crim.App. 2009); *Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Crim.App. 1980). *See Parks v. State,* 960 S.W.2d 234, 236-38 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (holding evidence sufficient to support plea where evidence other than stipulation showed guilt).

5

away from a plastic bag containing cocaine that was halfway in and halfway out of the passenger seat map case--in plain view. Moreover, there was evidence entered, without objection, that Appellant had four drug-related felony convictions prior to this incident giving rise to an inference that he knew the substance in the plastic bag was cocaine. Accordingly, we find the supporting evidence embraced each essential element of the offense charged. Appellant's second point of error is overruled and his first point of error is pretermitted.[9]

### *VOIR DIRE*

Appellant next asserts the trial court erred by informing the jury during *voir dire* that he had pled guilty and he would later instruct them to find Appellant guilty.

When Appellant was arraigned on the amended indictment, the trial court informed him *without objection* that "if [he] persist[ed] in [his] plea, [he would] instruct the jury to find [him] guilty and to affix your punishment." During *voir dire*, the trial court informed the jury *without objection* that "before you came in here, the defendant entered his plea of guilty to the indictment" and "[y]our're not going to be submitted the questions of is he guilty or not . . . . His plea of guilty admits that."[10] At the beginning of his trial, Appellant pled guilty *before* the jury and, *without objection,* the trial court instructed the jury "to find the Defendant guilty as charged in the indictment."

---

[9]A court is not required to address issues that become moot because of the resolution of other issues. *State v. Plembeck*, 182 S.W.3d 365, 367 n.10 (Tex.Crim.App. 2008) (citing *Hull v. State*, 67 S.W.3d 215, 217 n.3 (Tex.Crim.App. 2002)).

[10]Furthermore, at the conclusion of *voir dire*, the trial judge asked whether there was anything else the lawyers wanted to cover and counsel for both parties answered: "No."

To preserve error on appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity and complies with the rules of evidence and procedure, and that the trial court "ruled on the request, objection, or motion, either expressly or implicitly . . . ." *See* Tex. R. App. P. 33.1(a). *See Gutierrez v. State,* 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). Appellant did not do so, and we overrule his third point of error. *See Dhillon v. State*, 1318 S.W.3d 583, 587-88 (Tex.App.—Houston 2004, no pet.).

### STATE'S CROSS-POINT

Although the amended indictment reflects that Appellant was charged with possession of a controlled substance rather than possession of a controlled substance with intent to deliver, Appellant pled guilty to the amended indictment, the jury's verdict form indicates he was found guilty of possession of a controlled substance, and the trial court's judgment states he was convicted of possession of a controlled substance, the judgment cites the "Statute for Offense" as Section 481.112 of the Texas Health and Safety Code (possession with intent to deliver) rather than Section 481.115(d) (possession). Accordingly, we sustain the State's cross-point and order that the judgment be modified to reflect the correct statutory provision, Section 481.115(d), as the "Statute for Offense." *See* Tex. R. App. P. 43.2, 43.6.

## CONCLUSION

Having modified the trial court's judgment to reflect the "Statute for Offense" as "481.115(d) Health and Safety Code," the judgment, as modified, is affirmed.

Patrick A. Pirtle
Justice

Do not publish.