

# NUMBER 13-16-00281-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DAVID TRIPLETT,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

By two issues, appellant David Triplett challenges the revocation of his community

supervision. Triplett asserts that he received ineffective assistance of counsel. We

affirm as modified.

## I. BACKGROUND

On October 5, 2012, Triplett pleaded guilty to the offense of theft of copper valued at less than $20,000, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii) (West, Westlaw through 2017 1st C.S.). The trial court placed Triplett on deferred adjudication for four years.

In the intervening years, the State filed three motions to revoke Triplett's community supervision. The first two motions were filed in 2012 and 2014, and they resulted in jail sanctions of sixty days and fifteen days, respectively. This appeal concerns the State's third and final motion to revoke Triplett's community supervision.

In its motion, the State alleged that Triplett violated the terms of his community supervision by not paying various costs and fees and by not completing a required mental health program. Triplett was also alleged to have robbed a woman in a Wal-Mart parking lot. The revocation hearing was set for March 31, 2016.

On March 30, 2016, Triplett obtained subpoenas for "Richard Wood" and "Scott Wood"—both of whom were alleged to be custodians of records for the Wal-Mart—asking them to produce a video recording of the events that unfolded in the parking lot. On the same day, the trial court granted Triplett a continuance to collect and review Wal-Mart's video. On April 4, 2016, Triplett obtained another, similar subpoena for "Lupita Alvarez," who was also described as a custodian of records for Wal-Mart. Ultimately, no video was presented at the revocation proceeding.

The robbery offense became the primary subject of the proceeding, which was conducted on April 5, 2016. Triplett entered a plea of "not true" to the State's allegations,

2

and the State began its case. The State first called Veronica Guerra, who testified that she agreed to meet Triplett in the Wal-Mart parking lot. According to Guerra, Triplett helped her put Freon into her Jeep's air-conditioning unit and then entered her vehicle. Roughly twenty minutes later, he grew angry with her. Guerra testified that Triplett began choking her with one hand, and she lost consciousness. Guerra testified that when she came to, she was stumbling through the parking lot, with cuts and bruises, as Triplett drove away with her purse.

Officer Stephen Brown testified that he found Guerra at the Wal-Mart, shaking and crying. According to Officer Brown, Guerra reported that Triplett choked her to the point that she blacked out, and he observed corresponding scratches and red marks on Guerra's neck and a cut behind her ear. Officer Brown took photographs of her injuries, which were introduced into evidence. He also corroborated Guerra's testimony that Triplett had taken her purse and her keys. Finally, Officer Brown related that Triplett had contacted police and been detained within roughly "an hour, hour and a half," and that he was no longer in possession of Guerra's purse.

Following Officer Brown's testimony, the parties rested, and the trial court found the State's allegations true. The court revoked Triplett's community supervision, adjudicated his theft-of-copper offense, and sentenced him to eighteen months in state jail. The judgment reflected that Triplett pleaded "true" to the State's allegations.

After adjudication, Triplett's appointed attorney filed a notice of appeal and, subsequently, a motion for new trial on the ground of newly obtained evidence: a security video of the Wal-Mart parking lot. However, Triplett and his trial counsel did not

3

request a hearing on the motion. Also, Triplett and trial counsel did not attach the video to the motion or make further effort to bring that evidence before the trial court's consideration. The video does not appear in the appellate record.

## II. DISCUSSION

By his first issue, Triplett argues that his trial counsel was ineffective in managing the motion for new trial. He argues that trial counsel's handling of the motion was deficient in at least two ways: (1) he did not attach sworn evidence to the motion; and (2) he did not formally present the motion for the trial court's consideration, such as by requesting a hearing on the motion. *See*, *e.g.*, *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) ("[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."). Triplett argues that the failure to present the motion and the evidence amounts to constitutionally inadequate counsel.

### A. Standard of Review and Applicable Law

#### 1. Ineffective Assistance

Under *Strickland v. Washington's* two-prong test, Triplett has the burden of showing by a preponderance of the evidence that counsel's conduct was deficient—that is, that counsel's representation fell below an objective standard of reasonableness and was not the result of reasonable professional judgment—and that, but for his deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *See Ex parte Saenz*, 491 S.W.3d 819, 826 (Tex. Crim. App. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984)). There is a strong presumption

4

that counsel's conduct was reasonable, and judicial scrutiny of counsel's conduct is highly deferential. *Id.* As to the second prong, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A record on direct appeal will rarely be sufficient to satisfy this burden, *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc), especially where a defendant's complaint concerns "errors of omission *de hors* the record . . . ." *Thompson*, 9 S.W.3d at 814.

### 2. Newly Discovered Evidence

"A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Crim. Proc. Code Ann. § 40.001 (West, Westlaw through 2017 1st C.S.). To obtain relief under this provision, the defendant must satisfy a four-prong test:

(1)    the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;

(2)    the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;

(3)    the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and

5

> (4)    the new evidence is probably true and will probably bring about a different result in a new trial.

*State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017).

## B.    Analysis

Triplett alleges that trial counsel was deficient with respect to the motion for new trial—in particular, by failing to submit evidence along with the motion. However, the very nature of the mistake he complains of—an "error[] of omission" in failing to submit a video, which has not been developed at a habeas proceeding—leaves the record in an undeveloped state that prevents us from sustaining his claim. *See Thompson*, 9 S.W.3d at 814. Without any indication of what the video contains, Triplett offers no evidentiary basis to believe that, but for trial counsel's allegedly deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *See Saenz*, 491 S.W.3d at 826; *Ex parte Ramirez*, 280 S.W.3d 848, 853–54 (Tex. Crim. App. 2007) (per curiam) (rejecting an ineffective assistance claim on prejudice grounds because there was no evidence that the omitted surveillance video was exculpatory: "In fact, we have no idea what the video recorded. As a result, . . . Ramirez has not demonstrated that he was prejudiced by counsel's failure to review the tape or offer it into evidence."); *see also Gallegos v. State*, No. 07-17-00137-CR, 2017 WL 6459540, at *2 (Tex. App.—Amarillo Dec. 18, 2017, pet. ref'd) (mem. op. per curiam, not designated for publication) (similar rejection of an ineffective assistance claim; "appellant asks us to speculate on 1) whether such a video existed, 2) the content captured by the video, and 3) on whether that content, if any, was favorable to her"); *Tucker v. State*, No. 02-15-00363-CR, 2016 WL 7405802, at *4 (Tex. App.—Fort Worth Dec. 22, 2016, pet. ref'd)

6

(mem. op., not designated for publication) (rejecting an ineffective assistance claim concerning a failure to present security-camera evidence of an incident in a Wal-Mart parking lot, because "[t]here is no record here of why counsel delayed in obtaining the photos, whether the photos were available, or what benefit the photos would have had"); *Gower v. State*, No. 02-10-00362-CR, 2011 WL 4916438, at *5 (Tex. App.—Fort Worth Oct. 13, 2011, no pet.) (mem. op., not designated for publication) ("Even if we were to conclude that Moore's performance in these areas was ineffective, appellant could not satisfy the second *Strickland* prong because he provides no evidence showing a reasonable probability that the trial's outcome would have been different . . . : appellant did not present surveillance tapes that Moore had overlooked . . . ."). Triplett's complaint that trial counsel failed to formally present his motion does not alter the validity of our conclusion: in the absence of record evidence to support Triplett's assertions concerning the video, our confidence in the fairness and the outcome of the proceeding is unshaken. *See Kyles*, 514 U.S. at 434; *Thompson*, 9 S.W.3d at 813.

Thus, even assuming a deficiency under the first prong of *Strickland*—a matter we do not decide—Triplett is unable to show prejudice under the second prong. *See Saenz*, 491 S.W.3d at 826.[1] Because Triplett's ineffective assistance claim is not firmly founded in the record on direct appeal, we are unable to grant the relief he seeks. *See Thompson*, 9 S.W.3d at 813. Triplett's recourse, if any, is through habeas. *See id.*

We overrule Triplett's first issue.

---

[1] "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

This one ground will support the trial court's order revoking community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *see also Holcombe v. State*, No. 13-12-00750-CR, 2013 WL 2949559, at *2 (Tex. App.—Corpus Christi June 13, 2013, pet. ref'd) (mem. op., not designated for publication). Because the robbery finding supports the revocation, we need not consider Triplett's remaining issue challenging the State's alternative grounds for revocation. *See State v. Plambeck*, 182 S.W.3d 365, 367 n.10 (Tex. Crim. App. 2005) (en banc) ("A court is not required to address issues that become moot because of the resolution of other issues . . . ."); *see also* TEX. R. APP. P. 47.1.

However, the judgment states that Triplett entered a plea of "true" to the State's allegations. In fact, Triplett pleaded "not true." The judgment is therefore inaccurate and should be reformed. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc) (approving the correction of "mistakes of a clerical nature" in judgments, along with more substantial errors).

### III.    CONCLUSION

We modify the judgment to reflect that Triplett pleaded not true to the State's allegations. We affirm the judgment of the trial court as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of April, 2018.